William and Barbara Manuella, h/w v. O. F. Sorgenfrei et al.

Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued November 19, 1981, before Judges Mencer, Rogers and Craig, sitting as a panel of three.

*William A. Slotter,* Deputy Attorney General, with him *James R. Ingram,* Deputy Attorney General, for appellant.

*Wilfred F. Lorry,* with him *John A. Rothschild, Bruce D. Lombardo* and *David F. Kalinder, Lorry and Hymowitz, P.C.,* for appellees.

OPINION BY JUDGE ROGERS, December 29, 1981:

The Commonwealth of Pennsylvania, Department of Transportation, here appeals from an order of the Court of Common Pleas of Philadelphia County denying the prayer of its petition for leave to amend its answer to paragraph 8 of William and Barbara Manuella's complaint in trespass averring that the Department of Transportation owned, possessed, maintained and controlled Interstate 95, a public highway, on the day when the plaintiff, William Manuella, a construction worker for a subcontractor, was injured allegedly as a result of negligence of the Department of Transportation, as well as of other defendants. The Department of Transportation's answer only generally denied the averments of paragraph 8 of the complaint alleging the defendant Department of Transportation's ownership, possession, maintenance and control of Interstate 95.

The plaintiffs' complaint was filed in November, 1977. The Department of Transportation by new matter raised the defense of sovereign immunity which had not then been abrogated by the Pennsylvania Supreme Court. The litigation was delayed by proceedings, including an appeal, having to do with the de-

fense of sovereign immunity until late in 1980 when the parties agreed that that defense was no longer viable.

The Department of Transportation then sought to amend its answer so as properly to deny the plaintiffs' averments of ownership, possession, maintenance and control of Interstate 95. The application was opposed by the plaintiffs below on the ground that they had been prejudiced meanwhile by the death of one James Corby, a former fellow employee of William Manuella's and his supervisor at the job site, who the plaintiffs say, if available, would have testified about the degree of control of the work which the Department of Transportation inspectors were exercising, including the exertion of pressure to expedite the work. The court below ordered the taking of depositions on the subject of possible prejudice to the plaintiffs if the Department of Transportation were permitted to amend its answer to paragraph 8, after consideration of which it concluded that the allowance of the amendment would be prejudicial and, as noted, refused the Department of Transportation's application.

The issue is whether the court committed an abuse of discretion in refusing the amendment. We have read the depositions and are satisfied that the court below decided the matter properly. We affirm its order on the able opinion of Judge GEORGE IVINS filed below to No. 3739 April Term 1980 which fully and accurately expounds the law and the facts justifying its order.

Order affirmed.[1]

---

[1] Without filing a motion to quash, the plaintiffs below here argue that the order below is interlocutory. We disagree because the court's action effectively precluded proof at the trial of what might be a complete defense by the Department of Transportation to the cause sued upon. *Posternack v. American Casualty Company*, 421 Pa. 21, 218 A.2d 350 (1966).

## ORDER

AND Now, this 29th day of December, 1981, the order of the Court of Common Pleas of Philadelphia County made December 24, 1980 denying the prayer of the Department of Transportation's petition to amend its answer is affirmed.