507 A.2d 1270

Shannon Marie Lowman, a minor, by and through her parent and natural guardian, Joseph P. Lowman and Joseph P. Lowman and Tammie Jo Lowman, his wife, Appellants v. Indiana Area School District, et al., Appellees.

Argued March 11, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS and COLINS, sitting as a panel of three.

*Jonathan B. Mack*, with him, *Beverly A. Gazza; Mack and Bonya*, for appellants.

*David A. Scotti, Reale, Fossee & Ferry, P.C.*, for appellee, Marion Center Area School District.

*Michael Handler*, for appellee, White Township.

*Louis C. Long*, with him, *Eileen Koeffer Narvin, David M. Neuhart* and *Raymond H. Conaway, Meyer, Darragh, Buckler, Bebenek & Eck*, for appellee, Pennsylvania Electric Company.

OPINION BY JUDGE ROGERS, April 16, 1986:

Shannon Marie Lowman, a minor, by her father and natural guardian, Joseph P. Lowman, and Joseph P. Lowman and Tammie Jo Lowman, parents of Shannon in their own right, sued Indiana Area School District (Indiana), Marion Center School District (Marion), Borough of Indiana (Borough), Pennsylvania Electric Company (Penelec), Steven Moran (Moran), White Township (Township), and Indiana Area Recreation and Parks Commission (Parks Commission) in trespass for damages on account of injuries suffered by each of them as the results of Shannon's having been struck in the head

by a baseball at a high school baseball game. The plain-
tiffs here appeal from an order of the Court of Common
Pleas of Indiana County which granted the motions for
summary judgment of Indiana, Marion, Borough,
Penelec, and Township.[1] We will refer to the appellants
as plaintiffs and the appellees as defendants.

The plaintiffs alleged in their amended complaint
that on May 5, 1982, they attended a high school base-
ball game played between Indiana High School and
Marion Center High School on a field located in White
Township, owned by Penelec, and leased to the Bor-
ough, Indiana, the Township, "and/or" the Parks Com-
mission. The plaintiffs also averred that they were seat-
ed in an area "designed" for spectators; that Moran, an
Indiana infielder, overthrew the baseball to first base;
that the ball hit the infant Shannon in the head; and that
as a result she suffered serious injuries.

The plaintiffs contended that Indiana failed to super-
vise or control Moran's conduct and failed "to field its
high school baseball team at a safely and properly main-
tained and designed baseball field." With respect to all
of the defendants, except Moran, the plaintiffs alleged
that they acted negligently, carelessly, and recklessly, in
the following manner:

(a) In failing to maintain, design and super-
vise the baseball field properly and adequately;

(b) In failing to locate the spectators' seating
area in a safe and protected location;

(c) In failing to install adequate barriers,
shields, nets or other devices to protect the
spectators' seating area from activities on the
playing field;

(d) In failing to provide adequate warning to
spectators as to the risk of injury in the specta-
tors' seating area;

---

[1] The trial court denied the motion for summary judgment
filed by the Parks Commission. Moran did not file a motion.

(e) In failing to maintain the baseball field, including the spectators' seating area, in safe and sound condition; and

(f) In otherwise failing to exercise due care, caution and control under the circumstances....

In the motions for summary judgment filed by Indiana, Marion, Borough, and Township, the defendants asserted that they were local agencies and were immune from liability pursuant to "The Political Subdivision Tort Claims Act" at 42 Pa. C. S. §§8541-8564. The trial court agreed and granted their motions for judgment.

In the motion filed by Penelec, it asserted the defense based on the Recreation Use of Land and Water Act (RULWA), Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§477-1—477-8, which provides that an owner of land owes no duty to keep his property safe for the use of others for recreational purposes or to warn them of dangerous conditions. The trial court granted Penelec's motion because it believed that Penelec, which owned the baseball field and made it available for public use by leasing it to the Parks Commission for one dollar was entitled to the protection accorded by the RULWA.

The governmental immunity statute at 42 Pa. C. S. §§8541-8564, which we will refer to as the Tort Claims Act, provides at 42 Pa. C. S. §8541 that, subject to exceptions, a local agency shall not be liable for damages on account of an injury to a person or property caused by an act of the agency or its employees. The Tort Claims Act defines local agency as "A government unit other than the Commonwealth government. The term includes an intermediate unit." 42 Pa. C. S. §8501. The eight exceptions to immunity are found in 42 Pa. C. S. §8542(b). To surmount the bar to liability by recourse to the eight exceptions, the plaintiff must, pursuant to 42

Pa. C. S. §8542(a)(1) and (2), satisfy the conditions that (1) the damages claimed would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not enjoying governmental or official immunity and that (2) the injury was caused by the negligent acts of the local agency or its employees acting within the scope of their duties with respect to one of the categories of waiver.

## MOTIONS FOR SUMMARY JUDGMENT OF INDIANA, MARION, BOROUGH, AND TOWNSHIP

The motions of Indiana, Marion, Borough, and Township are based on the Tort Claims Act. The plaintiffs defend on the waiver to the grant of immunity at 42 Pa. C. S. §8542(b)(3), the real property exception, which provides as follows:

> (b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> ....
>
> (3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency....

The trial court wrote that the exception required that the real property be owned by a local agency and that the "record owner of the ball field" was Penelec and it granted the motions filed by Indiana, Marion, Borough and Township. We believe that the trial court misinterpreted the statutory language. The exception speaks of "real property in the possession of the local agency," not ownership. The court concluded that the baseball field was owned by Penelec and leased to the Parks Commis-

sion and therefore never made findings regarding the question of possession on the baseball field by either Indiana, Marion, Borough, or Township. Our review of the record leads us to believe that Marion, whose baseball club was the visiting team, was not in possession of the baseball field. With respect to the Borough and the Township, we observe that they were among the municipalities which created and funded the Parks Commission. The Agreement of Cooperation among them by which the Commission was founded provides that recreational properties shall be consigned to the Parks Commission for, among other duties, maintenance. Moreover, the plaintiffs have not alleged nor shown that the Borough or the Township had possession of the baseball field. We therefore conclude that there is no genuine issue as to any material fact and that, in accordance with Pa. R.C.P. No. 1035, Marion, Borough, and Township, the moving parties, are entitled to summary judgment as a matter of law.

With respect to Indiana's motion, however, we believe that there are factual questions concerning the possession of the property, which was the home field for Indiana's baseball team, and the arrangements for preparing the baseball field for games. As we noted above, the trial court never made findings regarding Indiana's possession of the field and thus never considered the applicability of the real property exception, that is, whether Indiana was negligent with respect to the care, custody, or control of "barriers, shields, nets, or other devices to protect the spectators' seating area," as the plaintiffs alleged in their complaint. Accordingly, we reverse that part of the trial court's order granting Indiana's motion for summary judgment.

### SUMMARY JUDGMENT MOTION OF PENELEC

With respect to Penelec's motion for summary judgment based on the RULWA, the plaintiffs contend that

the word "land" in the RULWA means only "raw land" and not a baseball field. Section 2 of the RULWA, 68 P.S. §477-2, defines land as "land, roads, water, water courses, private ways and buildings, structures and machinery or equipment when attached to the realty." This definition would include fences, bleachers, and backstop, and other structures present on, or adjacent to, a baseball field.

Next the plaintiffs argue that baseball is not a "recreational purpose" within the meaning of the RULWA. Section 2 of RULWA, 68 P.S. §477-2, defines "recreational purpose" as including, *but not limited to,* numerous athletic activities. We believe that baseball is a recreational purpose within the meaning of RULWA. Accordingly, we reject the plaintiffs' argument.

The plaintiffs also contend that provisions in the lease between Penelec and the Parks Commission requiring that the Parks Commission pay $1.00 to Penelec and obtain liability insurance are charges in terms of RULWA. Under the RULWA, a landowner owes no duty of care to people who enter his property for recreational purposes unless he charges them for their use of the property. The RULWA defines charge as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." Section 2 of the RULWA, 68 P.S. §477-2. The type of charge contemplated by this section would have to be paid by the plaintiffs to Penelec for the privilege of being spectators at the game. Here, the evidence shows that no admission was charged persons attending the baseball game played on the Parks Commission's recreational facility, which the Parks Commission rented from Penelec. Moreover, Section 6 of the RULWA, 68 P.S. §477-6, pertinently provides that "[n]othing in this act limits in any way any liability which otherwise exists [f]or injury suffered in any case where the owner of land charges

the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the State or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section." Accordingly, we believe that the trial court correctly granted Penelec's motion for summary judgment based on the RULWA. Penelec, which owned the baseball field, leased it to the Parks Commission, and did not charge any person to use such property for recreational purposes, should be given the full protection of the RULWA.

In sum, we reverse that part of the trial court's order granting the motion for summary judgment filed by Indiana and we affirm that part of the order granting the motions filed by Marion, Borough, Township, and Penelec.

We remand the record to the trial court for further proceedings. Jurisdiction is relinquished.

## ORDER

AND NOW, this 16th day of April, 1986, that part of the order of the Court of Common Pleas of Indiana County granting the motion for summary judgment filed by Indiana is reversed and that part of the order granting the motions for summary judgment filed by Marion, Borough, Township, and Penelec is affirmed. We remand the record to the trial court for further proceedings. Jurisdiction is relinquished.