550 A.2d 852

Carol Ann Pomeren, Appellant *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Appellee.

Argued September 13, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Pasco L. Schiavo,* for appellant.

*Stephen E. Geduldig,* Deputy Attorney General, Torts Litigation Section, with him, *Mark E. Garber,* Chief, Torts Litigation, and *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 23, 1988:

Carol Ann Pomeren appeals a Luzerne County Common Pleas Court order granting the Department of Environmental Resources' (DER) motion for summary judgment. We affirm.

In May 1985, Pomeren was injured while hiking on a dirt trail in Ricketts Glen State Park. In her complaint against DER for negligence, Pomeren averred that as she stepped over a small rise, her leg sank into a two-inch mud hole which caused her to fall.[1] DER moved for summary judgment, asserting immunity under the Recreation Use of Land and Water Act (hereinafter the Recreation Act).[2] Pomeren responded by affidavit, averring for the first time that the park and earthen trail were "improved land," thus precluding immunity under the Recreation Act. *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 507 A.2d 1 (1986). The common pleas court held that the Commonwealth was immune under *Department of Environmental Resources v. Auresto*, 511 Pa. 73, 511 A.2d 815 (1986).

In *Auresto*, our Pennsylvania Supreme Court held that the Recreation Act's reference to "owners of land" included the Commonwealth. The *Auresto* decision rested on an *in pari materia* construction of the Recreation Act and the Sovereign Immunity Act. The Court concluded that the Commonwealth is protected to the extent a private landowner would be under the Recreation Act. *Auresto*, 511 Pa. at 78, 511 A.2d at 817. Therefore, because the Recreation Act protected private landowners, the Commonwealth was also protected.

---

[1] DER's request for pertinent factual admissions went unanswered and the facts therein were deemed admitted. Record, Item No. 12, para. 9.

[2] Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§477-1—477-8.

Pomeren contends that the application of *Auresto* should be prospective only. She argues that since her cause of action accrued before the Supreme Court decided *Auresto* in July 1986, that decision does not apply retroactively to cloak the Commonwealth in immunity. Pomeren's cause of action accrued in May 1985, one month after this Court's intermediate decision in *Auresto*.[3]

"In Pennsylvania, judicial decisions are normally retroactive, and the construction placed by the court upon a statute becomes part of the act from the very beginning." *Baker v. Aetna Casualty and Surety Co.*, 309 Pa. Superior Ct. 81, 454 A.2d 1092 (1982). Here, both statutes were enacted prior to the date Pomeren's cause of action accrued. The fact that the Supreme Court's decision in *Auresto* was announced subsequently does not alter the result. *Auresto* did not overrule any prior Supreme Court decisions or precedents but rather was a clarification of the sovereign and recreational land use immunity statutes. Hence, the statutory rights explained therein already existed. Consequently, we will adhere to the rule that appellate decisions are retrospective unless the decision specifically declares the ruling prospective. *Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983).

Pomeren next argues that, even if *Auresto* applies, summary judgment was improperly granted where there was evidence that the injury occurred on improved land. The Recreation Act states that a landowner owes no duty to keep the land safe for recreational use or to provide warning of allegedly dangerous condi-

---

[3] *Auresto v. Department of Environmental Resources*, 88 Pa. Commonwealth Ct. 476, 490 A.2d 492 (1985).

tions.[4] Pomeren, however, cites *Rivera* to support her argument that the immunity provisions apply only "to outdoor recreation on largely unimproved land." *Id.* at 8, 507 A.2d at 8. Thus, Pomeren contends, a genuine issue of material fact exists as to whether this particular trail was improved land.

We cannot agree that *Rivera* supports Pomeren's position and conclude that the discussion of "largely unimproved land" was employed to differentiate between ancillary structures attached to open recreation lands and enclosed urban recreational facilities such as easily supervised swimming pools.[5]

However, whatever improvements may have existed in the park, the outdoor earthen hiking trail itself did not constitute improved land analogous to the indoor swimming pool in *Rivera*. Pomeren's complaint indicates her injury occurred when she stepped into a two-inch mud hole. Such conditions are natural, not man-made, and cannot be considered a dangerous improvement. *Yerk v. Commonwealth*, 36 Pa. D. & C. 3d 477 (1984). Moreover, photographs submitted at trial

---

[4] The Recreation Act reads in relevant part:

**§477-3. Duty to keep premises safe; warning**

Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. §477-3.

[5] In *Rivera*, the Court was interpreting whether the word "land," used in the Recreation Act and defined as including "buildings, structures and machinery or equipment when attached to the realty" in Section 477-2, encompassed an indoor swimming pool so as to preclude liability. Although *Rivera* held the Recreation Act did not immunize owners of indoor swimming pools from tort liability, it is devoid of guidelines as to what constitutes "improved land."

(and deemed admitted as true representations)[6] reveal the trail was sufficiently unimproved so as to negate any genuine issue of material fact. Thus, we conclude that the outdoor hiking trail did not constitute "improved land," and summary judgment was properly granted.

Accordingly, the order of the Luzerne County Common Pleas Court is affirmed.

ORDER

The Luzerne County Common Pleas Court order, No. 5696-C of 1986 dated February 16, 1988, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[6] Plaintiff's Answer to Defendant's Motion for Summary Judgment, Record, Item No. 12, para. 9.