569 A.2d 1045

**Krista FAVOROSO, a Minor by Joseph FAVOROSO and Donna Favoroso, her parents and natural guardians, and Joseph Favoroso and Donna Favoroso, in their own right, Appellants,**

v.

**BRISTOL BOROUGH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided Feb. 13, 1990.

Michael A. Lashner, Richboro, McEvilly & Associates, for appellants.

John J. Connors, Jr., Southampton, Connors and Brush, for appellee.

Before DOYLE, BARRY and PALLADINO, JJ.

## OPINION

BARRY, Judge.

Krista Favoroso and her parents Joseph Favoroso and Donna Favoroso, the plaintiffs, appeal an order of the Court of Common Pleas of Bucks County which granted a motion for summary judgment filed by the defendant, Bristol Borough (Borough), and dismissed the plaintiffs' complaint.

Krista Favoroso, a minor, was injured on a playground owned by the Borough. Plaintiffs filed their complaint in

April of 1984. At that time, the Borough's liability insurer was the American Druggists Insurance Company of Ohio. In its answer and new matter filed in 1984, the Borough alleged that plaintiffs' actions was "barred by the Pennsylvania Tort Claims Act." (Answer and New Matter of Defendant Bristol Borough, 9/14/84). Sometime thereafter, American Druggists went into liquidation and the Pennsylvania Insurance Guarantee Association was appointed to defend the action. New counsel then filed an amended answer and new matter which alleged that the plaintiffs' cause of action was "barred by the applicable provisions of the Pennsylvania Municipalities Sub–Division Tort Act 42 Pa.C.S. section 8541 et seq and 8553 et seq." (Answer and New Matter of Bristol Borough, 10/2/86). At the same time, the Borough joined Donna Favoroso as an additional defendant.

The Borough then filed a motion for summary judgment, based again on immunity. In its brief in support of the motion, the Borough, for the first time, argued that immunity was based, at least in part, on the Recreation Use of Land and Water Act, Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477–1 to 477–8 (Supp.1989–90). The trial court granted the Borough's motion for summary judgment on February 21, 1989 and entered judgment in favor of the Borough and against the plaintiffs. The plaintiffs then filed an unnecessary [1] motion for post-trial relief on March 2, 1989. Plaintiffs did file a timely notice of appeal to the Superior Court on March 16, 1989; that court transferred the case to us on May 12, 1989.[2]

Plaintiffs' present argument is essentially twofold. They first argue that the Borough has waived its immunity defense. In the event that the defense has not been

1. Pa.R.C.P. 227.1 is entitled "Post–Trial Relief". In the present case, there was no trial, thereby rendering inapplicable Rule 227.1.

2. "If an appeal … is taken to or brought in a court … which does not have jurisdiction of the appeal or other matter, the court … shall not quash such appeal … but shall transfer the record thereof to the proper court … where the appeal … shall be treated as originally filed in the transferee court on the date first filed in a court…." Pa.R.A.P. 751.

waived, plaintiffs claim that the Borough is not immune. For the following reasons, we must disagree. Accordingly, we must affirm.

■ The plaintiffs' argument concerning the Borough's waiver of the immunity defense is based upon two related arguments. Plaintiffs first argue that the Borough waited too long to raise immunity in the amended answer and new matter filed after new counsel was obtained.[3] Plaintiffs then argue that the Borough has waived the applicability of the Recreation Use of Land and Water Act by failing to mention it before including it in its brief in support of the motion for summary judgment. While the plaintiffs' arguments certainly are not frivolous, they must be rejected.

The Supreme Court has recently stated, "Defense of governmental immunity is an absolute defense, directly analogous to our holding in workmen's compensation cases and is not waivable ... nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature." *In re Upset Sale of Properties,* 522 Pa. 230, 232, 560 A.2d 1388, 1389 (1989) (emphasis added) (citation omitted). As the Supreme Court could not have been more clear, any argument that immunity has been waived for any reason must be rejected.

■ Plaintiffs next argue that immunity has been waived under 42 Pa.C.S. § 8542(b)(3), dealing with the care, custody and control of real property. In the present case, plaintiffs allege that the minor plaintiff was injured when she struck a rock protruding from the ground on the playground. Unfortunately for the plaintiffs, there are two cases which hold that the Borough is nonetheless immune.

In *Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986), the Supreme Court held that 42 Pa.C.S. § 8522 and the Recreation Use of Land and Water Act must be read in *pari materia.* The latter act

---

**3.** We note, however, that the first answer filed by original counsel, while somewhat inartful, raised the defense of immunity.

provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by other for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on such premises to persons entering for such purposes." 68 P.S. § 477–3. Furthermore, Section 6 provides that the exemption from liability extends only to landowners holding their property open to the public free of charge. The Court held that the Commonwealth was immune from liability where a person was injured when his snowmobile struck a snow covered tree stump in a Commonwealth owned forest because the Recreation Use of Land and Water Act applied with equal force to private and public landowners.

In *Farley v. Township of Upper Darby*, 100 Pa.Commonwealth Ct. 535, 514 A.2d 1023 (1986), we held that the reasoning in *Auresto* applied with equal force to local governmental landowners as to the Commonwealth. Accordingly, we held that a township was immune where a minor was injured on a sliding board in a township owned park.

*Auresto* and *Farley* make clear that the Recreation Use of Land and Water Act is part and parcel of immunity in this Commonwealth. Furthermore, immunity cannot be waived. *Upset Sale of Properties.* We construe *Upset Sale of Properties* to include the immunity available under the Recreation Use of Land and Water Act. Accordingly, we have no choice but to affirm.[4]

## ORDER

NOW, February 13, 1990, the order of the Court of Common Pleas of Bucks County, dated February 21, 1989, at No. 84–002735–06–2, is affirmed.

---

**4.** At the time of oral argument, the parties were informed that the Court had to decide if it wished the parties to submit supplemental briefs. Following further consideration, we have decided that additional briefs were not required.