TERPUTAC, J.,
The issue before the court is whether two of the defendants, Borough of Canonsburg and the Canon-McMillan School District, are entitled to summary judgment as a matter of law.
This suit arises from the injuries sustained by Elsie George when she tripped and fell on a walkway behind the school district’s football stadium. This accident occurred on June 2, 1988, while Mrs. George was walking as a form of exercise. Mrs. George has alleged that the borough and school district were the owners, occupiers, possessors and/or exercised dominion and control over the property where the accident occurred.
For the reasons set forth in the following paragraphs, the motions for summary judgment of the borough and the school district are granted.
Summary judgment should be entered only in those cases which are clear and free from doubt. The court must accept as true all well-pleaded facts in the non-moving party’s pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. Daughen v. Fox, 372 Pa. Super. 405, 539 A.2d 858 (1988). The function of the court is not to decide whether issues of fact exist, but to determine whether issues of fact are to be tried. If no genuine issues of material fact exist, the moving party is entitled to summary judgment as a matter of law. McCain v. Pennbank, 379 Pa. Super. 313, 549 A.2d 1311 (1988).
In their motions for summary judgment, the borough and school district claim that they are immune under the Recreation Use of Land and Water Act, 68 P.S. §477-1 et seq. As stated in section 477-1, the *474 purpose of RULWA is to encourage owners of land to make their land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes. Section 447-2 defines land as “land-, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty.” The same section defines owner as “the possessor of a fee interest, a tenant, lessee, occupant, or person in control of the premises.” Finally, recreational purpose “includes but is not limited to, any of the following or combination thereof: hunting, fishing, swimming, boating, camping, picnicking, skiing, pleasure driving, nature study, water skiing, water sports and viewing or enjoying historical, archaeological, scenic, or scientific sites.” In section 477-6, the act lists only two exceptions to this immunity, i.e., when there is willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity and when the owner charges a fee for entry upon the land.
The threshold issue is whether the borough and school district, both political subdivisions of the Commonwealth, are afforded immunity as a matter of law when read in pari materia with the governmental immunity provisions set forth in 42 Pa.C.S. §§8541 and 8542. In DiMino v. Borough of Pottstown, 129 Pa. Commw. 154, 564 A.2d 1329 (1989), the court held that RULWA applies to actions for injuries sustained while engaged in recreational activities on land including those of the Commonwealth and its political subdivision intended to be used for recreation. See Walsh v. City of Philadelphia, 104 Pa. Commw. 494, 522 A.2d 174 (1987); Kniaz v. Benton Borough, 112 Pa. Commw. 416, 535 *475 A.2d 308 (1988); and Lowman v. Indiana Area School District, 96 Pa. Commw. 389, 507 A.2d 1270 (1986).
In reviewing 42 Pa.C.S. §8542, as amended, the applicable section, either (b)(3) or (b)(7), may be relevant. In various pleadings in the instant case, the site of the accident is most often referred to as a walkway or pathway, not a sidewalk. Also, nowhere does it state that this pathway was within the right-of-way of streets owned by the local agency, a requirement of section (b)(7). With regard to the real property exception of section (b)(3), through discovery the ownership of the property where the accident occurred lies with Washington County, not the borough or the school district. However, under 68 P.S. §3 477-2, even if it is determined later that one or both of the defendants were in control, they are owners under the definitions of section 477-2 of RULWA.
The most recent case involving the application of RULWA is Favoroso v. Bristol Borough, 131 Pa. Commw. 231, 569 A.2d 1045 (1990). Here the court applied the holding of Dept. of Environmental Resources v. Auresto, 511 Pa. 73, 511 A.2d 815 (1986), which stated that the immunity of RULWA applies to the Commonwealth and its political subdivisions. Specifically, the court stated the borough was immune and denied damages to a minor who was injured when she struck a rock protruding from the surface of the borough’s playground. Immunity was also granted to the Commonwealth agency in Pomeren v. Commonwealth, Dept. of Environmental Resources, 121 Pa. Commw. 287, 550 A.2d 852 (1988).
In response, plaintiffs have argued that because the borough and school district have denied ownership, possession, and control of the premises, they are not owners and RULWA cannot apply. How *476 ever, if the foregoing denials were accepted as true for the purposes of applying RULWA, then there would be no foundation for naming the borough and school district as defendants. Thus, plaintiffs’ argument has no merit.
ORDER
And now, October 1, 1990, it is hereby ordered, adjudged, and decreed that the motions for summary judgment of the Borough of Canonsburg and of the Canon-McMillan School District are granted. Upon praecipe, the prothonotary shall enter judgment in favor of these defendants and dismiss them from the case.