585 A.2d 564

**Rodney ITHIER, a minor and Elsie Geraghy, Appellants,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Jan. 3, 1991.

Joel H. Merow, with him, Bruce G. Cassidy, Desaretz & Cassidy, Philadelphia, for appellants.

Alan C. Ostrow, Asst. City Sol., with him, Miriam B. Brenaman, Divisional Deputy for Appeals, Norma S. Weaver, Chief Deputy in Charge of Claims, and Charisse Lillie, City Sol., for appellee, Philadelphia.

Before McGINLEY and KELLEY, JJ., and CRUMLISH, Jr., Senior Judge.

McGINLEY, Judge.

Rodney Ithier, a minor, and his mother, Elsie Geraghy (Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted the motion of the City of Philadelphia (City) for judgment on the pleadings. The trial court found that the City was immune from suit pursuant to the Recreation Use of Land and Water Act (Recreation Act), Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477-1—477-8.

On July 29, 1987, Rodney Ithier (Rodney) suffered lacerations and contusions to his left foot while swimming in an outdoor swimming pool, known as Felton Recreation Center, owned and maintained by the City. Rodney "pushed off from the wall of the swimming pool" and came in contact with an alleged "broken or misshapen swimming pool filter vent and its metal cover." Complaint, dated May 4, 1989, paragraphs 6 and 8(b).

On May 4, 1989, Appellants filed a civil action for damages alleging that the City was negligent in knowingly allowing a dangerous condition to exist at the swimming pool and failing to take any measures to protect children from possible injury.

After the close of the pleadings, the City filed a motion for judgment on the pleadings asserting that it was immune from suit under the Recreation Act. The trial court granted the City's motion.

On appeal Appellants argue that the City is not immune from liability, under the Recreation Act, for personal injuries suffered in an outdoor swimming pool owned and operated by the City; that swimming pools are subject to regulation by and under the Public Bathing Law, Act of June 23, 1931, P.L. 899, *as amended*, 35 P.S. §§ 672–680d; and that the trial court erred in granting judgment on the pleadings based on the present record and Appellants' complaint.

In reviewing a grant of judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *E–Z Parks, Inc. v. Philadelphia Parking Authority*, 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1987), *allocatur denied*, 519 Pa. 656, 546 A.2d 60 (1988). A motion for judgment on the pleadings is in the nature of a demurrer in which all of the opposing parties' well-pleaded allegations are viewed as true, but only those facts specifically admitted by the objecting party may be considered against him. *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 259 A.2d 687 (1969). Such a motion may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise. *Beardell v. Western Wayne School District*, 91 Pa.Commonwealth Ct. 348, 496 A.2d 1373 (1985).

The City is afforded governmental immunity pursuant to Sections 8541 and 8542 of the Judicial Code (Code), 42

Pa. C.S. §§ 8541 and 8542.[1] The immunity provisions of the Recreation Act are set forth in Sections 3 and 6.[2] Section 1 of the Recreation Act relevantly provides that "[t]he purpose of this act is to encourage owners of land to make land

1. Sections 8541 and 8542(a) of the Code provide:

§ 8541. **Governmental immunity generally** Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any person. 42 Pa. C.S. § 8541.

§ 8542. **Exceptions to governmental immunity (a) Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. § 8542(a).

2. Sections 3 and 6 of the Recreation Act provide:

§ 477-3. **Duty to keep promises safe; warning**

Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. § 477-3.

§ 477-6. **Liability not limited**

Nothing in this act limits in any way any liability which otherwise exists:

(1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the State or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section.

68 P.S. § 477-6.

and water areas available to the public for recreational purposes by limiting their liability." 68 P.S. § 477-1.

In *Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986), the Supreme Court held that Section 8522 of the Code, 42 Pa.C.S. § 8522 (relating to sovereign immunity), and the Recreation Act must be read in *pari materia* and therefore that the Commonwealth was immune from liability to a person injured when his snowmobile struck a snow covered tree stump in a state owned forest. In *Farley v. Township of Upper Darby,* 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986), we extended the reasoning of *Auresto* to local governmental landowners and held that, under Section 8542 of the Code (relating to governmental immunity), the township was immune from liability to a minor who was injured when he fell from a sliding board in a township-owned park.

Initially, Appellants argue that the Recreation Act applies to recreational swimming conducted on largely unimproved land in lakes and ponds but not when it is conducted in enclosed, supervised urban pools. Appellants cite *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.,* 510 Pa. 1, 507 A.2d 1 (1986) and *Pomeren v. Commonwealth, Department of Environmental Resources,* 121 Pa.Commonwealth Ct. 287, 550 A.2d 852 (1988) in support of their position. The City argues to the contrary that it is immune from liability for damages because an outdoor swimming pool is part of a recreational area similar to an outdoor playground, and that an indoor swimming pool, as in *Rivera,* is a closed recreational area, not surrounded by other recreational land.

In *Rivera* a group of youngsters were invited to attend an evening swim party held at the theological seminary in an urban area. The indoor pool was enclosed in a building, not open to the general public, and admission was only upon invitation. Fredrick Rivera drowned while swimming in the pool. The Supreme Court held that the provisions of the Recreation Act did not immunize the seminary from liability. The Supreme Court observed that "[t]he need to limit

owner liability ... does not arise in the case of indoor recreational facilities which ... are relatively easy to supervise and monitor for safety hazards." *Rivera*, 510 Pa. at 15–16, n. 17, 507 A.2d at 8, n. 17.

In *Pomeren*, Carol Ann Pomeren was injured as she hiked on a dirt trail when she stepped over a slight rise and into a two-inch mud hole which caused her to fall. We concluded that "the outdoor earthen hiking trail did not constitute improved land analogous to the indoor swimming pool" in *Rivera*. *Pomeren*, 121 Pa.Commonwealth Ct. at 290, 550 A.2d at 854.

In the present controversy, Rodney was injured in an outdoor pool located in a city playground. The pool is open to the public and no admission is charged for its use. Section 2(1) of the Recreation Act defines "land" as "land, roads, water, watercourses, private ways and building, structures and machinery or equipment when attached to the realty." 68 P.S. § 477–2(1). "Recreational purposes" is defined in Section 2(3) as "includ[ing], but ... not limited to, any of the following, or any combination thereof: hunting, fishing, *swimming*, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports and viewing or enjoying historical, archaeological, scenic, or scientific sites." 68 P.S. § 477–2(3) (emphasis added). Although swimming is a recreational activity, the term "swimming pool" is not expressly included in the Recreation Act.

This Court has previously determined that basketball courts, playgrounds and baseball fields fall within the definition of "land" set forth in Section 2 of the Recreation Act.[3] *See Walsh v. City of Philadelphia*, 126 Pa.Commonwealth Ct. 27, 558 A.2d 192 (1989), *appeal granted*, 523 Pa. 645, 565 A.2d 1169 (1989) (city immune from liability for damages resulting from an injury sustained on a city owned playground, specifically a basketball court); *Farley* (township immune from liability for damages resulting from a child's injury incurred in a fall from a sliding board at a

3. We note that *Rivera* does not provide guidelines as to what constitutes improved land.

township park); and *Lowman v. Indiana Area School District*, 96 Pa.Commonwealth Ct. 389, 507 A.2d 1270 (1986) (Pennsylvania Electric Company immune from liability for damages resulting from an injury sustained on a baseball field, consisting of fences, bleachers and other structures, leased to the Park Commission).[4]

Recently, this Court again addressed the issue of whether a playground constituted land pursuant to the Recreation Act. *Wurth v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990). In *Wurth* a young child sustained injuries to her hand when she slipped and fell in a playground owned and maintained by the City of Philadelphia. The Court of Common Pleas of Philadelphia County sustained the City of Philadelphia's preliminary objections and determined that Appellant's cause of action was barred by the Recreation Act and Section 8542(b) of the Code. We determined "that a playground is not land per se covered by the Recreation Act" and that "[t]he facts of each case must be considered to determine whether the playground, or that portion of it at issue, constitutes largely unimproved land." *Wurth*, 136 Pa.Commonwealth Ct. at 641–642, 584 A.2d at 409. In *Wurth* we were unable to determine from Appellant's complaint whether the playground was improved land and as a result whether the City was immune from liability for damages. *See McNeill v. City of Philadelphia*, 104 Pa.Commonwealth Ct. 494, 522 A.2d 174 (1987) (the applicability of the Recreation Act could not be determined upon the pleadings alone).

■ Although the factual record is limited, we are able to conclude that an outdoor swimming pool is an improvement on the land, not covered by the Recreation Act. In *Rivera* the Supreme Court stated that it was "[t]he intention of the Legislature to limit the applicability of the Recreation Use Act to outdoor recreation on largely unimproved land ... evident ... from the Act's stated purpose." *Id.* 510 Pa. at 15–16, 507 A.2d at 8 (footnote omitted). Further, the Su-

4. *Lowman* was decided before the Supreme Court's decision in *Rivera*.

preme Court, in reviewing recreational use statutes in other states, noted:

> [W]e have been unable to find a single case in any of those jurisdictions in which an indoor recreational activity was held to fall within the purview of a recreational use act. In fact most jurisdictions confronted with the question of whether a recreational use statute governs the liability of owners of even *outdoor* pools have ruled that it does not. See, e.g., *Gibson v. Keith*, 492 A.2d 241, 244 (Del.1985) (construing a statute identical to Pennsylvania's Recreation Use Statute and determining that it is not "applicable to urban or residential areas improved with swimming pools...."); *Erickson v. Century Management Company et al.*, 154 Ga.App. 508, 268 S.E.2d 779 (1980) (statute does not encompass motel swimming pool but, instead, applies to larger bodies of water such as lakes and seashores even though "swimming" is listed in the statute among recreational purposes); *Boileau v. DeCecco*, 125 N.J.Super. 263, 310 A.2d 497 (1973), aff'd per curiam, 65 N.J. 234, 323 A.2d 449 (1974) (the legislature did not intend to grant tort immunity to owners of swimming pools in residential areas even though the statute includes "swimming" in its definition of sport and recreational activities).

*Rivera*, 510 Pa. at 16, 507 A.2d at 8 (emphasis in original).

The Recreation Act is intended to protect owners of largely unimproved land, upon which lakes, ponds and similar bodies of water are located. But a municipally maintained and operated swimming pool, filled and emptied as the City desires, and which can be monitored and supervised with relative ease, is not water which is so attached to the realty as to be considered "land" encompassed under the Recreation Act.

Accordingly, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.[5]

---

5. Having determined that the Recreation Act does not apply, we need not address Appellants' remaining argument that swimming pools are subject to regulation by and under the Public Bathing Law.

## ORDER

AND NOW, this 3rd day of January, 1991, the order of the Court of Common Pleas of Philadelphia County is reversed and remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.