591 A.2d 5

**CITY OF PHILADELPHIA, Appellant,**

v.

**Gina SPENCER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 1990.

Decided May 8, 1991.

Elizabeth Gray, for appellee.

Alan C. Ostrow, Asst. City Sol., for appellant.

Before CRAIG, President Judge, and BYER, J., and CRUMLISH, Jr., Senior Judge.

BYER, Judge.

This case proves a famous observation. "It [the value of time] is in everybody's mouth, but in few people's practice." Letter from Lord Chesterfield to his son, *reprinted in The New Webster Encyclopedic Dictionary of the English Language* pt. 2, at 127 (1971).

The defendant obtained leave of court to amend its new matter. Two years later, the defendant finally filed its amended new matter. The trial court ordered the amended new matter stricken because of this delay. We hold that the trial court abused its discretion, because the delay did not prejudice the plaintiff.

Gina Spencer filed a complaint against the City of Philadelphia for personal injuries she allegedly sustained on a city playground. The city filed an answer and new matter on August 28, 1985. Nearly two years later, on July 3, 1987, the city moved for leave to amend its new matter to assert the affirmative defense of the Recreation Use of Land and Water Act (RULWA), Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477–1 to 477–8. The trial court granted the city's motion for leave to amend, notwithstanding Spencer's opposition, on September 23, 1987.

The city neglected to file its amended new matter, but moved for summary judgment based on RULWA more than

two years after it had obtained leave to amend. Later, the city discovered its mistake and filed its amended new matter. The city offered no excuse for the two-year delay in filing its amended pleading. Spencer moved to strike the amended new matter.

The trial court granted Spencer's motion to strike the amended new matter and denied the city's motion for summary judgment. The city appealed the order striking its new matter.[1]

No Pennsylvania appellate courts have considered a situation like that involved in this case. In *Harris v. Greenberg,* 17 Pa.D. & C.2d 166 (Phila.Co.1958), the trial court refused to consider the plaintiff's amended reply to new matter because plaintiff filed it six weeks after a court-imposed deadline for the amendment. The trial court stated:

It is quite obvious that this reply came too late and there is inadequate excuse given for delay.... Plaintiff had no right to expect further indulgence ... if we are to make any progress toward the ideal set up in Pa.R.C.P. 126 of securing a just, speedy and inexpensive determination of any action or proceeding to which the rules are applicable. Certainly the rules are not to be liberally construed in a way the plaintiff here suggests to thwart this ideal.

*Id.* at 167–68.

In this case, the trial court relied on *Harris* in striking the city's amended new matter. We are not persuaded either by *Harris* or the trial court's opinion in this case.

Under Pa.R.C.P. 1033, "[a] party, either by filed consent of the adverse party or by leave of court, may *at any time* ... amend his pleading." (emphasis added). Pa.R.C.P. 126 requires, "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every

1. President Judge Craig denied Spencer's motion to quash the appeal "because an order is appealable if it forecloses assertion of an affirmative defense involving issues of fact as well as issues of law, *Mineo v. Tancini,* 517 Pa. 335, 536 A.2d 1323 (1988), *Hull v. Tolentino,* 517 Pa. 328, 536 A.2d 797 (1988), and defenses under the Recreation Use of Land and Water Act can involve factual issues as well as legal ones." (Order, March 16, 1990).

action or proceeding ... The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

■ The decision to allow an amendment to a pleading is clearly within the discretion of the trial court. *Kenney v. Southeastern Pennsylvania Transportation Authority,* 122 Pa.Commonwealth Ct. 1, 551 A.2d 614 (1988), *appeal denied,* 525 Pa. 622, 577 A.2d 892 (1990). Yet, this discretion is not unbridled. "[A]mendments are to be liberally permitted unless (1) the amendment will surprise or prejudice the opposing party, or (2) the amendment is against a positive rule of law." *Stouffer v. Commonwealth,* 127 Pa.Commonwealth Ct. 610, 612, 562 A.2d 922, 923 (1989).

■ Spencer argues that the late request for amendment coupled with its late filing constitutes the requisite prejudice to bar the amendment. In *Stouffer,* we held otherwise. "[A] trial court's refusal to allow amendment solely on the basis of unreasonable delay and nothing more is an abuse of discretion." *Id.,* 127 Pa.Commonwealth Ct. at 616, 562 A.2d at 925 (citing *Gutierrez v. Pennsylvania Gas & Water Co.,* 352 Pa.Superior Ct. 282, 287, 507 A.2d 1230, 1233 (1986)). Although *Stouffer* involved a late request for amendment, and this case involves a late request coupled with a late filing, this distinction is unavailing given the clear import of the above-quoted words. Unreasonable delay is not enough; to prevail, Spencer must show prejudice.

In *Bata v. Central–Penn National Bank of Philadelphia,* 448 Pa. 355, 293 A.2d 343 (1972), *cert. denied,* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973), our Supreme Court stated:

[i]f the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations

are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed.

*Id.*, 448 Pa. at 380, 293 A.2d at 357 (emphasis in original) (quoting Fleming James, Jr., *Civil Procedure* 158 (1965)). Thus, the fact that Spencer may lose her case on the merits if RULWA is allowed does not constitute prejudice.

To constitute prejudice, the amendment must compromise Spencer's ability to present her case. For instance, in *Manuella v. Sorgenfrei*, 63 Pa.Commonwealth Ct. 421, 439 A.2d 1257 (1981), we denied leave to amend an answer after the death of a key witness had prejudiced the plaintiffs' case.

Likewise, in *Kenney* we denied leave to amend an answer requested over three years after the initial answer, because the delay was unexplained, and the case was being actively prepared for trial. Although *Kenney* is factually similar, it is distinguishable because here, leave to amend was *granted*, and Spencer knew as of September 23, 1987, that she would have to counter the RULWA defense. Thus, her general claims of prejudice (no RULWA discovery as of the date of this appeal and a potential unavailability of RULWA witnesses) are unpersuasive and self-inflicted. The city's neglect in filing its amended new matter is unfortunate, but not fatal.

Our decision is bolstered by our recent holding in *Favoroso v. Bristol Borough*, 131 Pa.Commonwealth Ct. 231, 569 A.2d 1045 (1990). In *Favoroso*, the defendant borough raised in new matter a defense of governmental immunity. It then filed a motion for summary judgment based upon governmental immunity. In its brief in support of the motion, the borough raised for the first time a defense based upon the RULWA. The trial court granted the motion. On appeal, we rejected the plaintiff's argument that the RULWA defense had been waived by the borough's failure to plead it. Our rationale was based upon our conclusion that the RULWA "is part and parcel of immunity in this Commonwealth," 131 Pa.Commonwealth Ct. at 235,

569 A.2d at 1046–47, and that governmental immunity is an absolute defense which cannot be waived even if the defendant has failed to plead it. *In re Upset Sale of Properties,* 522 Pa. 230, 560 A.2d 1388 (1989).

Therefore, we hold that the trial court abused its discretion in striking the amended new matter, and we reverse and remand for further proceedings.

## ORDER

We reverse the order of the Court of Common Pleas of Philadelphia County striking the City of Philadelphia's amended new matter, and we remand the case for further proceedings.

Jurisdiction relinquished.