**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**

v.

**MOTORISTS MUTUAL INSURANCE COMPANY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 15, 1996.

Decided June 19, 1996.

Thomas A. Lonich, for Appellant.

Catherine Hill Kunda, for Appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PELLEGRINI, Judge.

Motorists Mutual Insurance Company (Motorists) appeals from a decision of the Court of Common Pleas of Greene County (trial court) that granted Indemnity Insurance Company of North America's (INA) motion for judgment on the pleadings in a declaratory judgment action.

The facts of this case are not in dispute. On March 14, 1992, Randy Keith Hunter, Jr. (Hunter), while acting in the capacity as a member of the Center Township Volunteer Fire Company (Fire Company), operated his vehicle so that it struck and caused the death of Evelyn Houser (Houser). The vehicle operated by Hunter at the time of the accident was owned by his father and was insured with Motorists under a policy having a limit of liability of $100,000.00 per each person and $300,000.00 per each accident. At the same time, the Fire Company was insured by INA under a business policy with an applicable combined single limit of liability of $300,-000.00.

Houser's estate subsequently filed a tort action against Hunter and the Fire Company. As a result of a release and settlement in that action, Houser's estate received $150,-000.00 from INA. INA then filed an action for declaratory relief with the trial court, seeking a declaration that Motorists' policy of insurance for Hunter's vehicle provided primary coverage against the wrongful death action. INA also sought a declaration that Motorists was responsible for the defense costs and attorney fees arising out of the Houser action. Motorists answered and filed a counterclaim seeking a declaration that INA owed a duty to indemnify Hunter under Section 8548 of the Judicial Code, 42 Pa.C.S. § 8548,[1] and a duty to pay for the costs of Hunter's defense in the wrongful death action.[2]

■ In ruling on INA's motion for judgment on the pleadings, the trial court rejected Motorists' argument that INA should be liable for the full amount of the settlement agreement reasoning that the requirement of Section 8548 that a local agency indemnify its employee is inapplicable because Hunter is not personally responsible for any portion of the settlement. The trial court then examined the language of the insurance policies and concluded that Motorists is responsible for the first $100,000.00, the limit of Hunter's policy, and that INA would be liable for any remaining portion of the settlement. The trial court then summarily denied all requests for costs and fees on the basis that both parties' contests were reasonable. From that determination, Motorists appeals

1. Section 8548(a) provides that:
   Indemnity by local agency generally.—When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.
   42 Pa.C.S. § 8548(a).

2. INA does not dispute that Hunter was an employee otherwise entitled to indemnification from the Fire Company. 42 Pa.C.S. § 8501 specifically provides that volunteer fire fighters are employees for purposes of indemnification.

to this Court.[3]

■ Motorists argues that under 42 Pa. C.S. § 8548, the Fire Company is obligated to indemnify Hunter for the settlement in the Houser action because he was acting within the scope of his employment. Motorists argues that this obligation remains the same irrespective of whether or not Hunter had personal liability coverage at the time of the accident. We agree.

■ Section 8548(a) of the Judicial Code provides that when an action is brought against an employee of a local agency for damages arising out of an injury to a person or property, and the injury resulted from conduct of the employee that was within his or her scope of employment, then the local agency is obligated to indemnify the employee for the payment of a judgment in that action. 42 Pa.C.S. § 8548(a). Indemnification by a local agency is mandatory for *any* judgment entered against the employee when he or she was acting in the scope of employment. *Wiehagen v. Borough of North Braddock,* 527 Pa. 517, 594 A.2d 303 (1991). Nothing in Section 8548 relieves a local agency of its obligation to indemnify an employee just because that employee may have coverage under a personal insurance policy.[4]

Here, the Houser settlement was based upon Hunter's conduct, and absent insurance, he would have been personally responsible for its satisfaction, thus requiring indemnification by the local agency, the Fire Company. Motorists, as Hunter's insurer, stepped into his shoes and became entitled to the same rights due to him. *See Michel v. City of Bethlehem,* 84 Pa.Cmwlth. 43, 478 A.2d 164 (1984). Because Hunter, as an individual, is entitled to indemnification from the Fire Company, we see no reason why Motorists should not have the same entitlement simply because it is an insurance carrier. Because each of the carriers stand in the shoes of its insured, INA, as the Fire Company's carrier, would be responsible to indemnify Hunter and his carrier under Section 8548(a). As such, Motorists need not make any contribution to INA's payment of the Houser settlement.

■ Motorists also argues that the trial court erred in denying its counterclaim that sought an award of defense costs arising out of the defense of claims asserted against Hunter. Section 8547(a) of the Judicial Code provides that a local agency must defend an action against one of its employees when the action is based upon conduct arising within the scope of employment. 42 Pa.C.S. § 8547(a). Under the clear language of Section 8547, the Fire Company, through INA, was required to provide a defense to Hunter. INA, however, refused a request to provide such a defense, thus requiring Motorists to defend Hunter. Because Motorists was required to fulfill INA's obligation to defend Hunter, it is now entitled to recapture the defense costs from INA.

Accordingly, the trial court's order granting judgment on the pleadings in favor of INA is reversed. The matter is remanded to the trial court with the specific instructions to enter judgment in favor of Motorists.

COLINS, President Judge, dissents.

### ORDER

AND NOW, this 19th day of June, 1996, the order of the Court of Common Pleas of

---

3. Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Ithier v. City of Philadelphia,* 137 Pa.Cmwlth. 103, 585 A.2d 564 (1991). A motion for judgment on the pleadings may only be granted where no material facts are at issue and the law is clear as to the relief granted. *Id.*

4. INA argues, however, that under 42 Pa.C.S. § 8553, it is entitled to the same set-off from Hunter's right to indemnification as it would have been had a third party asserted a claim against the Fire Company and received insurance benefits for his or her injury. Section 8553 provides that where an individual has a claim against a local agency for limited kinds of losses, and that individual receives insurance benefits as a result of his or her losses, then the local agency is entitled to a set-off equivalent to the amount of insurance benefits received. 42 Pa.C.S. § 8553. We cannot accept INA's argument for two reasons. First, Hunter's claim for indemnification is not included within the specific losses enumerated in Section 8553. Second, had the legislature intended to offset an employee's right to indemnity by the amount of coverage provided by his or her private insurance carrier, then it could have provided a similar set-off provision in Section 8548.

Greene County at A.D. No. 100 of 1994, dated February 10, 1995, is reversed. The matter is remanded for the entry of judgment in favor of Appellant.

Jurisdiction relinquished.