**McClean v. O'Kelly**

C.P. of Fayette County, no. 535 of 2000 G.D.

*Timothy Kinney,* for plaintiff.
*Francis Garger,* for defendant.

WARMAN, *J.,* November 14, 2001—Presently before this court for disposition is plaintiffs' motion for leave to amend complaint wherein they request this court's permission to file an amended complaint and include therein a request for punitive damages. In consideration of the record, applicable law, briefs and submissions of counsel, and for reasons more fully discussed herein, plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs initiated the instant medical malpractice action by filing a writ of summons in the Court of Common Pleas of Fayette County on March 4, 2000. Thereafter, on or about May 12, 2000, plaintiffs filed a complaint against defendant, wherein they allege that plaintiff husband's primary care physician, Dr. Tiberio, referred him to defendant for complaints relating to blood in his urine. After the referral, on March 18, 1998, defendant operated on plaintiff husband to remove a bladder tumor and performed a cystoscopy. Defendant also took two biopsies. On or about March 20, 1998, defen-

dant informed plaintiff husband that the tumor was malignant. However, plaintiffs allege that the surgical pathology report of Dr. Manuel Pelaez M.D., revealed that the tumor was benign.

On March 24, 1998, defendant performed a second cystoscopy on plaintiff husband and took another biopsy that was analyzed at the Uniontown Hospital. Plaintiffs allege that on March 30, 1998, defendant then informed plaintiff that the tumor was, in fact, benign.

Plaintiffs further allege that despite the medical attention and treatment he received, he was continuing to bleed and experience sediment in his urine. Plaintiffs contend that on April 1, 1998, defendant performed a third cystoscopy and cauterized an area of inflammation on plaintiff husband. However, samples of plaintiff husband's urine continued to reveal the existence of sediment in his urine.

Defendant then referred plaintiff husband to the Uniontown Hospital for a boric acid type cleansing. Plaintiff, however, continued to experience problems with both blood and sediment in his urine as well as problems associated with the blockage of his urethra rendering him unable to urinate and necessitating multiple catheterizations.

Plaintiffs allege that, on June 20, 1998, defendant performed a fourth cystoscopy, another catheterization, a procedure utilizing a rubber dilater on the urethra, and cleansed plaintiff husband's bladder and urethra. They further allege that defendant then informed them that everything "should be fine." However, plaintiff husband continued to experience problems associated with blood

and sediment in his urine and blockage of his urethra causing him to visit the Highlands Hospital Emergency Room on several occasions.

On July 6, 1998, plaintiff husband saw Dr. O'Donnell for a second opinion. Upon examination, Dr. O'Donnell determined that plaintiff husband had a hole in his bladder with drainage from the colon to the bladder. A corrective procedure was scheduled for the next day at Presbyterian Hospital in Pittsburgh, Pennsylvania. On July 7, 1998, Dr. O'Donnell completed the corrective procedure and referred plaintiff husband to Dr. Simone for resection of the colon, which was performed on July 14, 1998.

In all, plaintiff husband had to undergo nine cystoscopy procedures, 16 catheterizations, two hospital admissions, three emergency room visits, a week of home health care nursing and 16 separate office visits. Plaintiffs allege that defendant acted in a negligent, reckless and careless manner in failing to properly diagnose and treat plaintiff husband's medical condition and that they suffered damages and injuries as a result thereof.

On May 26, 2000, defendant filed preliminary objections to plaintiffs' complaint wherein he objected to plaintiffs' use of the word "reckless" in paragraph 43. Paragraph 43 states as follows:

"(43) Defendant, Dr. O'Kelly, also acted in a negligent, reckless and careless manner in informing the plaintiffs that plaintiff Gary McClean, had a malignant tumor when he knew or should have known that the tumor was benign."

Defendant argued that use of the word "reckless" violated Pa.R.C.P. 1019(a) because plaintiffs failed to request punitive damages, and because they failed to plead facts sufficient to support an award of punitive damages. We, however, disagreed and believed instead that the allegations contained in plaintiffs' complaint, if proven, could permit a jury to find defendant's conduct sufficient for an award of punitive damages. We, therefore, concluded that the word "reckless" as contained in plaintiffs' complaint did not violate Pa.R.C.P. 1019 (a). However, because plaintiffs did not request punitive damages, we found it unnecessary to include such an allegation and we, therefore, sustained defendant's preliminary objection thereto and ordered the same stricken from plaintiffs' complaint.

Plaintiffs now seek to amend their complaint to include therein a request for punitive damages. Plaintiffs claim that a request of punitive damages merely amplifies their claim for relief. Defendant objects to plaintiffs' motion and argues that the same should be denied because plaintiffs seek to introduce a different theory and/or a different kind of negligence than that previously raised in the original complaint, thereby averring a new cause of action beyond the expired statute of limitations.

## DISCUSSION

The issue for this court to determine is whether plaintiffs' requested amendment seeks to introduce a new cause of action that is time-barred. Pa.R.C.P. 1033—Amendments—provides:

"A party, either by (1) filed consent of the adverse party or (2) by leave of court, may at any time change the form

of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

Generally, the allowance of amendments to complaints is within the sound discretion of the trial court. *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 516 A.2d 299 (1986). Despite the presumption in favor of liberal amendment, the right to amend is not absolute. *Grim v. Betz,* 372 Pa. Super. 614, 539 A.2d 1365 (1988). The court must refuse an amendment where it is not proper to do so. *City of Philadelphia v. Spencer,* 139 Pa. Commw. 574, 591 A.2d 5 (1991). The general rule is that an amendment will not be permitted after the statute of limitations has run, if it introduces a new cause of action. See *Boarts v. McCord,* 354 Pa. Super. 96, 511 A.2d 204 (1986).

A new cause of action does not exist if plaintiffs' amendment merely adds to or amplifies the original complaint or if the original complaint states a cause of action showing that plaintiff has legal right to recover what is claimed in the subsequent complaint, but a new cause of action does arise if amendment proposes a different kind of negligence than previously raised or if operative facts supporting claim are changed. See *Reynolds v. Thomas Jefferson University Hospital,* 450 Pa. Super. 327, 676 A.2d 1205, *reargument denied,* (June 21, 1996), *allocatur denied,* 549 Pa. 703, 700 A.2d 442 (1997).

Here, the amendment that the plaintiffs propose to make is to include a request for punitive damages. Punitive damages are available in cases where the defendant has acted tortiously in an extremely outrageous manner, and are awarded to deter him and others from such future conduct. *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270 (1986). Punitive damages are awarded when the conduct of the defendant is more serious than the mere commission of the tort. *Geyer v. Steinbronn*, 351 Pa. Super. 536, 506 A.2d 901 (1986). When deciding whether to award punitive damages the fact-finder must look at the character of the act, and all of the circumstances, including the mental state and motive of the wrongdoer, the relations of the parties, and the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause. *Kirkbride v. Lisbon Contractors Inc.*, 521 Pa. 97, 555 A.2d 800 (1989).

Further, Pennsylvania has adopted the guidelines of section 908 of the Restatement (Second) of Torts regarding the imposition of punitive damages. *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742 (1984). An essential fact needed to plead a claim for punitive damages is that the defendant's conduct must have been outrageous. Outrageous conduct is an "act done with a bad motive or with a reckless indifference to the interests of others." *Focht v. Rabada*, 217 Pa. Super. 35, 268 A.2d 157 (1970), citing comment (b) to section 908 of the Restatement (Second) of Torts. Moreover, comment (b) to section 908 provides that "punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence."

8

Applying the law to the facts of this case, we conclude that plaintiffs' proposed amendment does not state a new cause of action. We believe, as stated in our opinion entered on August 21, 2000, that the allegations contained in plaintiffs' complaint, if proven, could permit a jury to find defendant's conduct sufficient for an award of punitive damages. Plaintiffs are not proposing a different theory or a different kind of negligence than that alleged in the original complaint. Further, plaintiffs are not seeking to add any new facts or allegations to their cause of action, but merely seek an addendum to their recovery clause. We, therefore, grant plaintiffs' motion to amend.

## ORDER

And now, November 14, 2001, in consideration of the plaintiffs' motion to amend, and in further consideration of the record, applicable law, and submissions of counsel, plaintiffs' motion is hereby granted.