511 A.2d 815

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, John H. Bitzer and Fred Hesse, Appellants,**

v.

**Anthony AURESTO, Appellee.**

Supreme Court of Pennsylvania.

Argued April 15, 1986.

Decided July 17, 1986.

74

Victor P. Stabile, Deputy Atty. Gen., for appellants.

Edward R. Eidelman, Allentown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

This appeal is from the order of the Commonwealth Court reversing the order of the Court of Common Pleas of Pike County, 490 A.2d 492. The trial court held that the owner immunity granted by the Recreational Use of Land and Water Act [1] (hereinafter Recreation Act) was applicable to the Commonwealth. We agree with the trial court's holding and therefore reverse the decision of the Commonwealth Court.

Appellee, Anthony Auresto, was injured on February 10, 1982, when the snowmobile he was riding hit a snow covered tree stump on Peck's Pond, Pike County. Peck's Pond is located within Delaware State Forest, which is owned and maintained by appellant,[2] the Commonwealth of Pennsylvania, under the aegis of the Department of Environmental Resources. A complaint was filed by appellee on February 2, 1984, against the Commonwealth, citing an exception to sovereign immunity for injuries caused by a dangerous condition on Commonwealth real estate. 42 Pa.C.S. § 8522(b)(4).[3]

Preliminary objections were filed by the Commonwealth in the nature of a demurrer, seeking dismissal of appellee's complaint on the grounds that the Commonwealth as a landowner was immune under terms of the Recreation Act. The trial court agreed with the Commonwealth's position

1. Act of February 2, 1966, P.L. (1965) 1860, 68 Pa.C.S. § 477-1 *et seq.*

2. Appellants consist of the Commonwealth of Pennsylvania, the Department of Environmental Resources (DER), and John H. Bitzer, a District Forester for the DER. For the purposes of brevity, the preceding group will be refered to collectively as "the Commonwealth". Appellee also filed suit against one Fred Hesse who is not a participant in the instant appeal proceedings.

3. Act of October 5, 1980, P.L. 693, No. 142, § 221(1), effective in 60 days.

and sustained the preliminary objections. On appeal the Commonwealth Court reversed, holding that the Recreation Act was inapplicable to the Commonwealth. This Court subsequently granted allocatur and, for the following reasons, we now reverse.

The specific issue before the Court is whether the Recreation Act, which provides landowners who permit their property to be used for recreational purposes an immunity from tort actions, applies to the Commonwealth of Pennsylvania.

The Recreation Act reads in relevant part:

§ 477-3. Duty to keep premises safe; warning

Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 Pa.C.S. § 477-3. The preceding immunity extends only to owners of land who hold their property open to the public free of charge. 68 Pa.C.S. § 477-6. The purpose of this act is self-evident. It "encourage[s] owners of land to make land and water areas available to the public for recreational purposes by limiting their liability towards persons entering thereon for such purposes." 68 Pa.C.S. § 477-1. Appellee would have us believe that the General Assembly intended to exclude the vast recreational resources of the Commonwealth from this limitation on liability. We disagree.

When the Recreation Act was passed in 1966, the Commonwealth enjoyed the complete protection from liability afforded by the common law doctrine of sovereign immunity. In 1978, the blanket of immunity was lifted, completely exposing the Commonwealth to civil liability. *See Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978). The General Assembly was thereafter forced to enact a statutory prohibition to suits against the

sovereign state.[4] However, in doing so the legislature provided eight (8) general areas where liability may be imposed. 42 Pa.C.S. § 8522(b). Relying on one of these exceptions, appellee brought suit in the instant matter against the Commonwealth for the existence of a dangerous condition on Commonwealth real estate. 42 Pa.C.S. § 8522(b)(4).

The Commonwealth's response to this suit was to assert two defenses: the first based on an interpretation of the Sovereign Immunity Act in conjunction with the Recreation Act, and the second based on the pristine terms of the Recreation Act itself.

It is appellee's contention that the General Assembly did not contemplate inclusion of the Commonwealth into the protection afforded by the Recreation Act, since at the time the Recreation Act was passed the Commonwealth was not subject to suit. While this argument has some surface appeal it is not dispositive of the issue.

 The Commonwealth's principal defense is based on section (a) of the Sovereign Immunity Act. That section provides:

(a) Liability imposed. The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, *for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.*

42 Pa.C.S. § 8522(a) (emphasis added). The emphasized portion of the preceding section clearly states that the

---

**4.** 42 Pa.C.S. § 8501 *et seq.* (The Sovereign Immunity Act). *See* Fn. 3, *supra.*

Commonwealth's exposure to liability occurs only in instances where a private party would also be subject to liability. Thus, while the Commonwealth as an owner of land may not have been contemplated at the time the Recreation Act was passed, it is obvious that at the time the Sovereign Immunity Act was passed the Commonwealth's exposure to suit was intended to be the same as a private citizen. Consequently, when the two Acts are read in *pari materia* the conclusion is inescapable that since a private citizen would have been protected from the present suit so must the Commonwealth.

Accordingly, we reverse the order of the Commonwealth Court, and reinstate the order of the Court of Common Pleas of Pike County.

HUTCHINSON, J., concurs in the result.

PAPADAKOS, J., files a concurring opinion.

LARSEN, J., files a dissenting opinion.

PAPADAKOS, Justice, concurring.

I am of the view that neither the legislature nor the Court can raise a cloak of immunity around the Commonwealth, its agencies, and political subdivisions for payment of damages it causes. It stands in the same shoes as any private individual with respect to liability. Therefore, the majority's journey into the statutory realm of sovereign immunity, to find protection from liability for the Commonwealth under the facts of this case, is unwarranted, if not irrelevant.

I concur in the result because the legislature has extended protection from liability to all owners of land without exception, who make land and water areas available to the public for recreational purposes. The act is clear and unambiguous and, as the majority characterizes it, its terms are "pristine."

LARSEN, Justice, dissenting.

I dissent and in support thereof cite the Commonwealth Court opinion in this case, authored by the Honorable James Crumlish, Jr. *Auresto v. Commonwealth, Department of Environmental Resources,* 88 Pa.Cmwlth. 476, 490 A.2d 492 (1985).