## Musloe v. Penn State University

*John A. Clay,* for plaintiffs.
*John A. Ulizio,* for defendant.

MANNIX, *J.,* March 20, 1987 — This case is presently before the court on defendant's motion for summary judgment. Said motion relies entirely on the applicability of the Recreation Use of Land and Water Act of 1966, 68 P.S. §477-1, et seq. to the factual situation involved in this case. The "purpose" section of said act provides as follows:

"The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes."

Section 3 of said act (duty to keep premises safe; warning) provides as follows:

"Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes."·

The section 6 exceptions (liability not limited) are as follows:

"Nothing in this act limits in any way any liability which otherwise exists:

"(1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity,

"(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section."

The factual scenario in this particular instance, as developed through pleadings and depositions, is as follows. On January 16, 1985, Shelley Musloe, minor plaintiff, went sled riding with a group of her friends on the Beaver Campus of Pennsylvania State University. On this particular occasion, plaintiff and her friends were using inflated car tire innertubes as sleds. After sled riding for some period of time down one or more of the hills on the college campus, the young people, including minor plaintiff, decided to head home and as they walked across the campus to where their car or cars had been parked, they came upon a hill which overlooked the Brodhead Cultural Center. They were walking in an area of the campus where

blacktopped sidewalks exist, postlights are erected and the center's amphitheater and bleachers are located. Several of the boys decided to go down this particular slope for one last ride. Minor plaintiff and her friend, Christine Boser, followed the boys. Plaintiff's ride on the inflated innertube ended in a small creek which empties into a man-made pond immediately behind the amphitheater of the center. As a result of the innertube wrecking into the creek bed, plaintiff broke her arm and has now sued defendant university.

We have considered the cases cited by defendant's counsel in his brief and referred to by him at the time of oral argument, particularly *Commonwealth of Pa., Dept of Environmental Resources v. Auresto*, 511 Pa. 73, 511 A.2d 815 (1986). In addition, we have considered cases cited by plaintiff in his brief and at the time of oral argument, particularly *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 507 A.2d 1 (1986). The applicability or non-applicability of the Recreation Use of Land and Water Act to the facts in this particular case is an interesting legal question. Here we have a hybrid situation; however, the language of the Supreme Court in the *Rivera* case helps us decide the issue presently before this court. The following are excerpts from the *Rivera* opinion:

"In enacting the Recreation Use of Land and Water Act, Pennsylvania's General Assembly adopted, essentially without change, a model act presented to the states by the Council of State Government. . . .

"The Recreation Use Act was presented to and passed by both houses of the Legislature without comment. The purpose of proposing the model legislation was, however, explained in the following commentary accompanying the text of the model act:

'Recent years have seen a growing awareness of the need for additional recreational areas to serve the general public. . . . Where the owners of private land suitable for recreational use make it available on a business basis, there may be little reason to treat such owners and the facilities they provide in any way different from that customary for operations of private enterprise. However, in those instances where private owners are willing to make their land available to members of the general public without charge it is possible to argue that every reasonable encouragement should be given to them.'

"The Recreation Use Act is . . . designed to encourage the opening up of large private land holdings for outdoor recreational use by the general public. . . .

"The intention of the Legislature to limit the applicability of the Recreation Use Act to outdoor recreation on largely unimproved land is evident not only from the act's stated purpose but also from the nature of the activities it listed as recreational purposes. . . ."

With this language as a guide, this court is satisfied that based on the factual situation presently before it, defendant university does not come within the purview of the Recreation Use of Land and Water Act; therefore, it is not entitled to have its motion for summary judgment granted.

For the foregoing reasons, we enter the following

## ORDER

And now, this March 20, 1987, for the reasons set forth in the attached memorandum opinion, defendant's motion for summary judgment is hereby denied.