604 A.2d 755

**Ethel MILLS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, and Penn's Landing Corporation, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1991.

Decided Feb. 19, 1992.

Richard T. Kupersmith, for appellant.

Peter A. Dunn, for appellee, Penn's Landing Corp.

Before DOYLE and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Ethel Mills appeals an order of the Court of Common Pleas of Philadelphia County which granted summary judgment in favor of Penn's Landing Corporation (PLC).

On July 5, 1987, Mills was injured while attending a July 4th concert at Penn's Landing [1] in the City of Philadelphia. She alleges that while walking along a sidewalk area on property owned by PLC, she stepped into a hole and sustained a fractured ankle and other injuries. The hole was eighteen to twenty-four inches from the sidewalk, twelve to sixteen inches across, and twenty-four to forty-two inches deep. Thereafter, Mills filed a negligence action against the Commonwealth of Pennsylvania and PLC seeking damages for the injuries caused by her fall.

After discovery, PLC moved for summary judgment asserting that they were immune from liability under the Recreational Use of Land and Water Act (RULWA). [2] The trial court determined that Penn's Landing was protected by the RULWA because the "land" was made available free of charge for a recreational purpose; the trial court, therefore, granted PLC's motion. This appeal followed.

In *Seiferth v. Downingtown Area School District,* —— Pa.Commonwealth Ct. ——, 604 A.2d 757 (1992), decided concurrently with this case, we held that a lacrosse field was improved land and, thus, the land owner was not shielded by the immunity provisions of the RULWA. In

---

1. Penn's Landing is an urban recreational facility located along the Delaware river in the City of Philadelphia. The facility is utilized for community celebrations and is the site of at least one restaurant, a marina, and a museum.

2. Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477–1 through 477–8.

*Seiferth,* as well as here, we begin with a consideration of the provisions of the RULWA itself.

Section 1 of the RULWA, 68 P.S. § 477–1, describes the purpose of the Act as follows:

> The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.[3]

Further, Section 2(1) of the RULWA, 68 P.S. § 477–2(1), defines land as follows:

> "Land" means land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty.

And, recreational purpose is defined by Section 2(3), 68 P.S. § 477–2(3), as:

> "Recreational purpose" includes, but is not limited to ... hunting fishing, swimming, boating, camping, picknicking, hiking, pleasure driving, nature study, water skiing, water sports and viewing or enjoying historical, archaeological, scenic, or scientific sites.

As we stated in *Seiferth,* our Supreme Court in *Rivera v. Philadelphia Theological Seminary,* 510 Pa. 1, 507 A.2d 1 (1986), determined that the Legislature intended to limit the application of the RULWA to outdoor recreation on unimproved land and acknowledged the intent of the RULWA was to protect owners of large tracts of unimproved land because of the impracticability of making such tracts safe for recreational use.[4] Small indoor recreational facilities,

---

**3.** There is no issue concerning whether the RULWA applies to publicly owned land since our Supreme Court has interpreted the RULWA as insulating both private and public landowners from liability for injuries to persons using their lands for recreational purposes. *Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986).

**4.** In *Rivera,* the Supreme Court, in divining the intent of our legislature, examined decisions from other jurisdictions construing recreational land use acts. The *Rivera* Court cited with approval to *Harrison v. Middlesex Water Co.,* 80 N.J. 391, 403 A.2d 910 (1979), which held that only large size rural or semi-rural tracts of land were protected by its recreational land use act.

on the other hand, are relatively easy to maintain and monitor for safety hazards and, therefore, were viewed by the *Rivera* Court as not deserving of the protection of the RULWA.

The approach taken by the Supreme Court in *Rivera* was followed in *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991). In *Walsh,* the issue was whether the City of Philadelphia could assert immunity under the RULWA for injuries sustained by a person injured on an inner-city concrete surfaced playground and held that the playground was improved property and, therefore, because the RULWA protects only owners of unimproved land, the City of Philadelphia was not entitled to the protection of the RULWA.

Mills contends that Penn's Landing is improved land and, therefore, not protected by the immunity provisions of the RULWA. We agree.

Penn's Landing is an urban facility consisting of area utilized for community celebrations known as the Great Plaza, a museum, a marina, and restaurants. Moreover, the record contains evidence that PLC employs a security director/safety officer who supervises a personnel staff that varies between twenty-five and one hundred persons. The record also evidences that PLC employs a maintenance staff responsible for repairing the facilities at Penn's Landing. There is therefore overwhelming evidence that Penn's Landing is a highly developed inner city recreational facility, completely unlike the large tracts of unimproved land our Supreme Court has stated are shielded by the immunity protection of the RULWA. In light of the above, we must conclude Penn's Landing, like the lacrosse field in *Seiferth,* is improved land, and, therefore, PLC is not entitled to the immunity provisions of the RULWA.

The order of the trial court is reversed and the case is remanded for trial.[5]

5. Mills also argued that PLC was liable under the Philadelphia Code, Volume II, Section 10–803, and Section 2502 of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 2502. Because of our disposition in this case, we need not reach these issues.

## ORDER

NOW, February 19, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

PELLEGRINI, Judge, concurring.

I agree with the majority that the Recreational Use of Land Water Act (RULWA) has no application to the facts of this case. The injury took place in a grassy strip between the sidewalk and the public street, an area not used for recreation. Because the area is not being used for recreational purposes and is an area that needs maintenance, RULWA does not apply.

However, I disagree that an urban mixed use facility such as Penn's Landing can never be covered by RULWA. Those portions of Penn's Landing that are devoted to public recreation and require no maintenance as defined in *Walsh,* e.g., large grassy areas are within RULWA ambit just as if they were in a rural area. The purpose of the Act is to make private land open for recreational use no matter where located.