604 A.2d 757

**Melanie Lee SEIFERTH, Appellant,**

**v.**

**DOWNINGTOWN AREA SCHOOL DISTRICT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1991.

Decided Feb. 19, 1992.

Andrew P. Motel, for appellant.

Charles A. DiFazio, for appellee.

Before DOYLE and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Melanie Lee Seiferth appeals an order of the Court of Common Pleas of Chester County which granted Downingtown Area School District's (District) motion for summary judgment on the ground that it was immune from liability under what is commonly referred to as the Recreational Use of Land and Water Act (RULWA).[1]

On March 23, 1987, Seiferth, a member of the Lionville Junior High School lacrosse team, was injured during practice on a lacrosse field owned by the District. Seiferth

1. Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477-1 through 477-8.

alleges that while engaged in lacrosse practice (she was backpedaling in a practice drill), she stepped into a hole in the field and fell. She described the dimensions of the hole as 8–9 inches in length, 4–5 inches wide, and 2–3 inches deep. Seiferth averred that as a result of the fall she suffered severe and permanent injuries, and filed a negligence action against the District in the Court of Common Pleas of Chester County.

On July 24, 1990, following discovery, the District filed a motion for summary judgment on the basis that it was immune from liability under the RULWA. The trial court granted the District's motion stating, *inter alia*, that because the lacrosse field was not improved land, the District was immune under the RULWA. This appeal followed.

Section 1 of the RULWA, 68 P.S. § 477–1, describes the purpose of the Act as follows:

> The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.[2]

Further Section 2(1) of the RULWA, 68 P.S. § 477–2(1), defines land as follows:

> "Land" means land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty.

And, recreational purpose is defined by Section 2(3), 68 P.S. § 477–2(3), as:

> "Recreational purpose" includes, but is not limited to ... hunting, fishing, swimming, boating, camping, picknicking, hiking, pleasure driving, nature study, water skiing, water sports and viewing or enjoying historical, archaeological, scenic, or scientific sites.

**2.** There is no issue concerning whether the RULWA applies to publicly owned land since our Supreme Court has interpreted the RULWA as insulating both private and public landowners from liability for injuries to persons using their lands for recreational purposes. *Department of Environmental Resources v. Auresto*, 511 Pa. 73, 511 A.2d 815 (1986).

In *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 507 A.2d 1 (1986), our Supreme Court determined that the Legislature intended to limit the application of the RULWA to "outdoor recreation on unimproved land." [3] The Court determined that:

> The intention of the legislature to limit the applicability of the Recreation Use Act to outdoor recreation on largely unimproved land is evident not only from the Act's stated purpose but also from the nature of the activities it listed as recreational purposes within the meaning of the statute. Specifically, with the exception of "swimming" which may be either an indoor or outdoor sport, the recreational activities enumerated in the statute are all pursued outdoors.

*Id.* 510 Pa. at 16, 507 A.2d at 8. Furthermore, the *Rivera* Court recognized the need to protect private owners of large tracts of unimproved land because of the impracticability of making such tracts safe for recreational use. Small indoor recreational facilities, on the other hand, are relatively easy to maintain and monitor for safety hazards and, therefore, were viewed by the *Rivera* Court as not deserving of the protection of the RULWA. The approach taken by the Supreme Court in *Rivera* was followed in *Walsh v. City of Philadelphia*, 526 Pa. 227, 585 A.2d 445 (1991), which held that:

> [W]hen an owner allows free and indiscriminate access to his *unimproved land* for recreational purposes, he is

---

**3.** In *Rivera*, the Supreme Court, in divining the intent of our legislature, examined decisions from other jurisdictions construing recreational land use acts. The *Rivera* Court cited with approval *Harrison v. Middlesex Water Co.*, 80 N.J. 391, 403 A.2d 910 (1979), which held that only large size rural or semi-rural tracts of land were protected by its recreation land use act. The Court also cited with approval an article on the recreational land use act of Washington, Barrett, *Good Sports and Bad Lands: The Application of Washington's Recreational Use Statute Limiting Landowner Liability*, 53 Wash.L.R. 1 (1977). This article cited a case which held that a three acre ball field was beyond the protection of its recreational land use statute. *Rivera* 510 Pa. at 15–16, 507 A.2d at 8 note 17.

entitled to the protection of the [RULWA] for injuries sustained by persons using his property.

*Id.,* 526 Pa. at 237, 585 A.2d at 450 (emphasis added).

In *Walsh,* the specific issue was whether the City of Philadelphia could assert immunity under the RULWA for injuries sustained by a person injured on a paved inner-city playground known as the Guerin Recreation Center. The playground had a cement surface and contained basketball courts, bocce courts, and benches. The *Walsh* Court determined that this playground was improved property and, because the RULWA protects only owners of unimproved land, the City of Philadelphia was, therefore, not entitled to the protection of the RULWA.

Seiferth contends first that the trial court erred in holding that the District is immune from liability under the RULWA because the lacrosse field is unimproved land; second, that the District is not immune under the RULWA because it is obligated under rules of the Pennsylvania Interscholastic Athletic Association to maintain the lacrosse field; and third that her prior knowledge of the holes in the lacrosse field does not bar her recovery under the RULWA.

In the present case, the first issue is whether the lacrosse field upon which Seiferth was injured constitutes "improved" land outside of the protection of the RULWA. *Black's Law Dictionary* 682 (5th ed. 1979), cited with approval by our Supreme Court in *McCormick v. Columbus Conveyor Co.,* 522 Pa. 520, 564 A.2d 907 (1989), defines an improvement to real property as follows:

[a] valuable addition made to property (usually real estate) or an amelioration in its condition ... *costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes....*

*Id.,* 522 Pa. at 524, 564 A.2d at 909 (emphasis added). Further, the *Walsh* Court wrote:

When a recreational facility has been designed with improvements that require regular maintenance to be

safely used and enjoyed, the owner of the facility has a duty to maintain the improvements.

*Id.*, 526 Pa. at 238, 585 A.2d at 450.

The record demonstrates that the lacrosse field was constructed and engineered to be used for athletic competition and must be regularly maintained to ensure that its surface is suitable for such competition. The lacrosse field was constructed by an engineering firm in 1969; the surface of the field is grass and requires regular maintenance in the form of marking lines, mowing, seeding, rolling, dragging, and fertilization. Moreover, the field was built and designed in a manner that enhanced the value and utility of the land and adapted the land for a new purpose. Further, the field is comparatively small in size and is, thus, relatively easy to keep in a safe condition. Hence, we hold that the lacrosse field is improved land and the District, therefore, is not immune from liability under the RULWA. *Walsh.*

Accordingly, the trial court's order is reversed and this case is remanded for trial.[4]

## ORDER

NOW, February 19, 1992, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed and remanded for findings consistent with this opinion.

Jurisdiction relinquished.

---

**4.** Because of our disposition in this case we need not reach Seiferth's remaining issues. Nor do we address the further arguments of whether a particular section or portion of the "land" may be within the protection of the RULWA while other sections of the tract are outside its protection. No such differentiating facts are present in the record of this appeal.