**Alice M. HATFIELD, Appellant**

v.

**PENN TOWNSHIP and Penn Township Athletic Association.**

Commonwealth Court of Pennsylvania.

Argued Nov. 10, 2010.

Decided Dec. 16, 2010.

---

Mark S. Mislanovich, Pittsburgh, for appellant.

David E. Mitchell, Pittsburgh, for appellee.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge COHN JUBELIRER.

Alice M. Hatfield (Appellant) appeals from the order of the Court of Common Pleas of Westmoreland County (trial court) that granted Penn Township's (Township) Motion for Summary Judgment (Motion). While a spectator at a girls' softball tournament at the Penn Township Municipal Park (Park), which is owned by the Township, and which tournament was organized by the Penn Township Athletic Association (PTAA), Appellant fell and fractured her right ankle and left elbow when she stepped in a hole in a grass and dirt area between two softball fields. Appellant argues that the trial court erred in holding that the Township is immune from liability under both the Act commonly known as the Recreational Use of Land and Water Act (RULWA),[1] because the location where she fell was within a highly developed recreational park, and under what is commonly called the Political Subdivision Tort Claims Act (PSTCA).[2]

On November 21, 2007, Appellant filed a Civil Action Complaint (Complaint) against the Township alleging that, on July 15, 2007, she was injured as an invitee at the Park while attending her granddaughters' softball tournament. The Park, approximately 45 acres in size, contains 10 baseball/softball fields, batting cages, a hockey court, basketball court, sand volleyball court, football and soccer fields, walking and jogging trails, concession stands with kitchens, permanent restrooms, equipment buildings, picnic facilities, a playground, war memorial, fishing pond, library, and the Township Municipal Building. Appellant alleged that, while at the Park on the day in question, she was caused to trip due to a "hazardous and unsafe condition ... characterized by a hole in the pathway next to the softball field." (Complaint ¶ 6.)[3] As a result of tripping, Appellant fell and sustained permanent injuries. Appellant alleges that her injuries and damages are the direct and proximate result of the Township's negligence in providing a premises that was unsafe for use, failing to maintain the premises, failing to warn users of the dangerous condition,

---

1. Act of February 2, 1966, P.L. 1860, *as amended*, 68 P.S. §§ 477–1–477–8.

2. 42 Pa.C.S. §§ 8541–8542.

3. On March 7, 2008, the trial court consolidated the case against the Township with the complaint that had been filed against PTAA based on the same fall.

failing to eliminate the dangerous condition, and failing to timely, properly and regularly inspect the premises for defects. (Complaint ¶ 11.) The Township filed an Answer and New Matter asserting, among other defenses, immunity under the RULWA and governmental immunity under the PSTCA.

The Township filed its Motion alleging that it was entitled to immunity under the RULWA and the PSTCA. Specifically, the Township asserted that it was immune under the RULWA because "[t]here are no genuine issues of material fact that the area where [Appellant] fell was an unimproved grass and dirt area and that Plaintiff was in the park for recreational purposes and did not pay an admission fee." (Motion at 1, R.R. at 100.) The trial court, relying on this Court's recent decision in *Davis v. City of Philadelphia*, 987 A.2d 1274 (Pa.Cmwlth.2010), determined that the Township was immune from liability under the RULWA because "there is no evidence of any improvement in the area that Plaintiff fell. The fall occurred in an unimproved, grass and dirt area." (Trial Ct. Op. at 3.) Moreover, the trial court determined that the real property exception to governmental immunity could not apply in this matter since the Township is immune under the RULWA. Appellant now appeals to this Court.[4]

■ Before this Court, Appellant argues that the Township is not immune from liability under the RULWA or the PSTCA because she fell due to a divot in a grass and dirt pathway between two fenced-in softball fields in a highly developed recreational area that the Township had a duty to inspect and maintain.

The purpose of the RULWA "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability." 68 P.S. § 477–1. Section 3 of the RULWA, 68 P.S. § 477–3, describes the immunity as follows:

Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. § 477–3. Section 6 of the RULWA provides the exceptions to immunity described in Section 3:

Nothing in this act limits in any way any liability which otherwise exists:

(1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the State or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section.

68 P.S. § 477–6.

The PSTCA also provides local agencies governmental immunity from liability for any damages they cause to a person or property. 42 Pa.C.S. § 8541. However,

---

4. This Court has stated that:
   Appellate review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. Moreover, summary judgment may be granted only in those cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Bashioum v. County of Westmoreland*, 747 A.2d 441, 442 n. 1 (Pa.Cmwlth.2000) (citations omitted).

several exceptions to immunity are enumerated under Section 8542(b), one of which is for "real property:"

> (b) *Acts which may impose liability.*— The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa.C.S. § 8542(b) (emphasis added).

Appellant argues that, pursuant to the Supreme Court's decision in *Mills v. Commonwealth*, 534 Pa. 519, 633 A.2d 1115 (1993) (*Mills II*), the Township is liable under the RULWA because the Park, where Appellant tripped and fell, is a highly developed recreational area. The path where Appellant tripped and fell due to a "divot" is between two softball fields, is approximately 15–20 yards wide, is enclosed on both sides by fencing for the two fields, and is directly adjacent to several other structures, including a concession stand and a shed that houses maintenance equipment. The Township maintained the path where Appellant fell by cutting the grass every two weeks and fixing defects in the path should they arise. Moreover, the pathway where Appellant fell is known for its very heavy pedestrian traffic throughout the summer months and it is common practice for spectators to congregate there during softball games. Appellant contends that the trial court also erred in granting summary judgment to the Township because the real property exception to the PSTCA applies in this case. The Township owned the path at issue and had a duty to inspect, repair and maintain the specified area in between the fields. Appellant also argued that there is sufficient evidence of record that could lead a finder of fact to determine that the Township knew or should have known of the problems associated with the land in question prior to the accident and, thus, the real property exception to the PSTCA applies to deny immunity to the Township.

In contrast, the Township argues that the trial court correctly relied on *Davis* to determine that the Township is immune under the RULWA. Here, the *specific* location where Appellant was injured was in an *unimproved* area of a park that she entered for recreational purposes and without paying admission; therefore, the focus should not be on the facility as a whole. The Township contends that Appellant did not fall on land that has been specially constructed or engineered, that contained enhancements that increased the land's utility or adapted it for a new purpose, or that required regular maintenance. Rather, Township argues, it is undisputed that the location of Appellant's fall was an unimproved grass and dirt area.

This Court must decide whether the area where Appellant fell was "improved" for purposes of the RULWA. In this case, it is undisputed that Plaintiff fell due to a divot located on a grass and dirt pathway in between two fenced-in softball fields. Thus, we must look to case precedent to determine if this area can be considered "improved" such that RULWA immunity does not apply.

We begin by examining the Supreme Court's decision in *Mills II*. In that case, the appellee fell at Penn's Landing, "a highly developed recreational area," *Mills II*, 534 Pa. at 525, 633 A.2d at 1118, "when

she stepped into a hole [5] on a grassy slope while walking towards the concert area where she was to attend a free ... concert." *Id.* at 521, 633 A.2d at 1116. In determining whether immunity applied to Penn's Landing, the Supreme Court examined precedent involving RULWA immunity. Specifically, the Supreme Court examined *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 507 A.2d 1 (1986) (RULWA immunity does not apply to an owner of a private indoor swimming pool who had allowed the plaintiff's decedent to use the pool free of charge); *Department of Environmental Resources v. Auresto*, 511 Pa. 73, 511 A.2d 815 (1986) (Commonwealth was the owner of land entitled to immunity under the RULWA where the plaintiff was injured when his snowmobile struck a snow covered tree trunk in a state park); and *Walsh v. City of Philadelphia*, 526 Pa. 227, 585 A.2d 445 (1991) (RULWA immunity does not apply to a paved inner-city playground and recreation center where the plaintiff fell in a hole in the black-topped surface between the basketball court and the bocce court because "[w]hen a recreational facility has been designed with improvements that require regular maintenance to be safely used and enjoyed, the owner of the facility has a duty to maintain the improvements"). In concluding that Penn's Landing is not entitled to immunity under the RULWA, the Supreme Court explained:

> We find that the factors relied upon by Penn's Landing, that the area is used for recreational purposes by the general public and that no admission fee is required to enter Penn's Landing, are not dispositive in applying the immunity protections afforded under the [RULWA]. Rather, we believe the intended beneficiaries of the [RULWA], in addition to the general public, are landowners of large unimproved tracts of land which, without alteration, is amenable to the enumerated recreational purposes within the act. The purpose of the [RULWA] was to provide immunity to landowners as an incentive to them in exchange for their tolerance of public access to their lands for recreational pursuits. *The [RULWA] was not intended to insulate owners of fully developed recreational facilities from the normal duty of maintaining their property in a manner consistent with the property's designated and intended use by the public.*
>
> As this Court stated in *Walsh*, a landowner must bear the responsibility of *maintaining improvements* placed upon the land to which the general public is permitted access. Ordinary users of Penn's Landing may reasonably expect the area to be maintained in a manner safe for their normal recreational pursuits. *Although, it could be reasonably argued that the unimproved grassy and wooded areas within Penn's Landing do fall within the ambit of the [RULWA], such an overly technical application of the [RULWA] would certainly lead to inconsistent results and thwart the intended purpose of the act.*

*Id.* at 526, 633 A.2d at 1118–19 (emphasis added).

In *Bashioum v. County of Westmoreland*, 747 A.2d 441 (Pa.Cmwlth.2000), this Court reversed a trial court's order grant-

---

**5.** This Court described the area where the plaintiff fell as follows:

> [Plaintiff] alleges that while walking along a sidewalk area on property owned by PLC, she stepped into a hole and sustained a fractured ankle and other injuries.

The hole was eighteen to twenty-four inches from the sidewalk, twelve to sixteen inches across, and twenty-four to forty-inches deep.

*Mills v. Commonwealth*, 145 Pa.Cmwlth. 558, 604 A.2d 755, 755–56 (1992) (*Mills I* ).

ing summary judgment to a county finding it was immune from liability under the RULWA. In *Bashioum*, the appellant was injured at Mammoth Park, which is approximately 400 acres of large unimproved land and held open to members of the public for recreational use without charge. Specifically, the appellant was injured on the "Giant Slide" which is 96 feet long, regularly maintained by the county, and located within Mammoth Park. This Court agreed with appellant and held that "the trial court erred in focusing on the entirety of Mammoth Park instead of on the Giant Slide," "where the injury occurred or the specific area which caused the injury." *Id.* at 446–47. Thus, this Court recognized that the Giant Slide was an improvement from the land's original state or an alteration of the land and, because of that, the county was responsible to maintain the Giant Slide in a manner safe for the public's use.[6]

Most recently, in *Davis*, this Court held that a field located in Fairmont Park was not a highly developed recreational area as to fall outside of the immunity provided in the RULWA. In *Davis*, the appellant engaged in a flag football game on a field when he tripped in a depression in the field that was about four and one half inches deep. The park itself is highly developed with "numerous improvements" such as "roads, museums, and statuary." *Id.*, 987 A.2d at 1277. However, this Court disagreed with looking at the overall park, rather than the site of the injury, in considering whether the RULWA is applicable. Relying on *Bashioum*, this Court held that the focus should be on the field, which is not a highly developed recreational area. This Court described the field as "an open, grassy area bordered by a few trees[;] [t]he only maintenance conducted on the [f]ield is that it is mowed 'once every two weeks ... between April and October[;]' and [t]he primary purpose of the [f]ield is as 'overflow parking ... for the Philadelphia Zoo,' although individuals do sometimes play sports on the [f]ield." *Id.* at 1278. There was no evidence presented in *Davis* to show that the field had been altered from its original state. As such, our Court held that because "there is no evidence of any improvement on the [f]ield[,] it is the sort of unimproved property to which the RULWA applies." *Id.*

Having examined the relevant case law defining the land which falls under the immunity provided in the RULWA, we believe the facts in the case at bar are more similar to those in *Mills II*, and can

---

6. Focusing on whether the specific aspect of the land implicated in the injury is improved, rather than considering the facility as a whole, is the approach applied in numerous other RULWA cases, particularly *Pomeren v. Department of Environmental Resources*, 121 Pa.Cmwlth. 287, 550 A.2d 852, 854 (1988) (holding that "whatever improvements may have existed in the park, the outdoor earthen hiking trail itself" where the injury occurred "did not constitute improved land"); *Redinger v. Clapper's Tree Service, Inc.*, 419 Pa.Super. 487, 615 A.2d 743 (1992) (holding RULWA immunity applied where a spectator at a baseball game was injured by a falling tree limb that came from part of the landowner's property which remained unimproved); *Wilkinson v. Conoy Township*, 677 A.2d 876 (Pa.Cmwlth. 1996) (holding that the township was immune from suit brought by a plaintiff who was injured after stepping in a hole following the removal of a tree at a township park where the plaintiff's daughter was participating in softball practice); and *Brezinski v. County of Allegheny*, 694 A.2d 388, 389–90 (Pa.Cmwlth. 1997) (holding that the defendant was immune under the RULWA where a plaintiff "slipped and fell down an earthen embankment in a County-owned park, walking downhill from a picnic pavilion to the parking lot," concluding that the hillside was unimproved land, and that a one-time modification, such as sculpting, did not require regular maintenance and did not alter the land's unimproved nature).

be distinguished from those in *Davis;* thus, we conclude that the RULWA does not apply to insulate the Township from liability. Unlike in *Davis,* where there was no evidence that the field had been altered from its original state or improved, there is evidence in this case that the Township and/or PTAA had taken affirmative steps to alter the grass and dirt pathway. The evidence consists of testimony from Thomas Lamacz, the Township's Public Works foreman, who stated that the Township and PTAA would share the responsibilities of upkeep of the grounds. He stated that if an area outside the fence of the fields needed repair, "[w]e would take care of it if there was a problem noted." (Hr'g Tr. at 34, R.R. at 182.) Mr. Lamacz also testified that if there was a divot or impression in the land, "[i]f it was reported to us, we may fix. [PTAA] may fix on their own." (Hr'g Tr. at 41, R.R. at 184.) Additionally, Mr. Lamacz testified that he has seen PTAA fix impressions in the ground with front loaders in the area where Appellant fell. (Hr'g Tr. at 41, R.R. at 184.) Mr. Lamacz indicated that he has also witnessed PTAA "[s]pread topsoil, straw" where there were tire impressions from vehicle traffic in the area in question. (Hr'g Tr. at 42, R.R. at 185.)

This case is similar to *Mills II* where the appellee tripped and fell on a grassy slope between a sidewalk and the street within a highly developed recreational park. Here, Appellant also tripped and fell on a grass and dirt pathway that was in between two softball fields within a highly developed recreational park. *Mills II* makes clear that, when land is altered from its original state and improvements exist, those improvements must be maintained in a manner safe for public use. This is an appeal from a motion for summary judgment; therefore, we must look at all of the evidence in the light most favorable to Appellant. The evidence pre-sented in this case suggests that the grass and dirt pathway at issue here had been altered from its original state and, thus, constitutes an "improvement" that required the Township to regularly maintain it in a manner safe for public use. The Supreme Court has explained that the purpose of the RULWA was not "to insulate owners of fully developed recreational facilities from the normal duty of maintaining their property in a manner consistent with the property's designated and intended use by the public." *Mills II,* 534 Pa. at 526, 633 A.2d at 1119. Appellant argues that the path upon which she fell was at the epicenter of the Park and used heavily by the public for ingress and egress to the improved areas within the Park. To exempt this area of the land from protection under the RULWA would be "an overly technical application of the RU[LW]A ... and thwart the intended purpose of the act." *Id.* Accordingly, we reverse the trial court and hold that the RULWA immunity does not apply to the facts of this case.

■ With regard to whether the Township would be immune under the PSTCA, the trial court noted that the immunities provided by the PSTCA and the RULWA are complementary in nature because whether the Township acts maliciously or negligently, the Township is absolutely immune, without exception, for injuries occurring on Township-owned recreational land. This is because a governmental unit may be held liable under the RULWA if it acts maliciously or willfully, but will be immune under the PSTCA; but, on the other hand, if the governmental unit acts negligently, the government would be liable under the PSTCA, but immune under the RULWA. (Trial Ct. Op. at 3–4 (citing *Wilkinson v. Conoy Township,* 677 A.2d 876 (Pa.Cmwlth.1996))). We do not dispute the trial court's statement with re-

gard to the complementary immunities provided for in the PSTCA and the RULWA. However, the trial court did not determine whether, in the absence of immunity under the RULWA, the Township would still be entitled to summary judgment. In its Motion, the Township argued that it is immune under the PSTCA because Appellant would not have a negligence claim against the Township under common law or statute. The Township argued that the defect in the land was obvious to an invitee and the Township could not reasonably expect that an invitee would be injured by the defect; therefore, the Township argues that Appellant does not have a valid claim for negligence. As such, we must remand to the trial court to determine if the Township is entitled to summary judgment under the PSTCA.

Accordingly, the trial court's order is reversed and this matter is remanded to determine whether the Township is entitled to summary judgment under the PSTCA.

### ORDER

**NOW,** December 16, 2010, the order of the Court of Common Pleas of Westmoreland County (trial court) in the above-captioned matter is hereby **REVERSED,** and this matter is **REMANDED** to the trial court to determine whether Penn Township is entitled to summary judgment pursuant to governmental immunity.

Jurisdiction relinquished.