**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1973

CASSANDRA ROSE DEMOLICK; KEITH KUROS,
Appellants

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-21-cv-01454)
U.S. District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
On January 27, 2023

Before: BIBAS, NYGAARD, and FUENTES, *Circuit Judges*

(Filed: May 19, 2023)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

FUENTES, *Circuit Judge*.

In this tort action against the federal government, Plaintiffs Cassandra DeMolick and Keith Kuros seek damages arising from a slip and fall on federal property in Pennsylvania. But because a private Pennsylvania landowner under like circumstances would have been immune from suit, the District Court held that it lacked subject matter jurisdiction over Plaintiffs' claim. We will affirm.

## I. Factual Background

Plaintiffs visited Gettysburg National Military Park (the "Park") the day after an overnight snowfall. During their visit, Plaintiffs took a "self-guided auto tour of the park" and drove to the Stone House Rest Area (the "Rest Area").[1] While returning to her car after visiting the Rest Area, DeMolick slipped and fell on snow or ice, suffering injury. Plaintiffs allege that there were no warnings posted at the Rest Area, and that DeMolick lacked knowledge of the slippery conditions.

Plaintiffs filed this Federal Tort Claims Act ("FTCA") action against the United States on August 23, 2021, alleging a negligent or reckless failure to make the Rest Area safe for visitors. The District Court granted the Government's motion to dismiss for lack of subject matter jurisdiction.[2] The Court also denied jurisdictional discovery and held that leave to file an amended complaint would be futile.[3]

---

[1] Appx23 ¶ 22.

[2] *DeMolick v. United States*, 593 F. Supp. 3d 165, 169–73 (M.D. Pa. 2022).

[3] *Id.* at 173 & n.4.

Plaintiffs now appeal the District Court's order of dismissal.[4]

## II. Analysis

An FTCA plaintiff must satisfy six elements to simultaneously trigger the Government's waiver of sovereign immunity, create subject matter jurisdiction over the claim, and establish the Government's tort liability.[5] Only one element is at issue: that the plaintiff suffered injury "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[6] The District Court held that a private Pennsylvania landowner under similar circumstances would have been immune from Plaintiffs' suit under the Pennsylvania Recreational Use of Land and Water Act ("RULWA").[7] So it concluded that it lacked jurisdiction under the FTCA.

Plaintiffs argue on appeal that the District Court erred by (1) applying an incorrect standard to assess the Government's motion to dismiss; (2) misinterpreting and

---

[4] We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's dismissal for lack of subject matter jurisdiction. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). We review legal conclusions de novo and factual findings related to jurisdiction for clear error. *Id.* We review the District Court's denial of jurisdictional discovery and leave to amend the complaint for abuse of discretion. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010) (leave to amend); *Baer v. United States*, 722 F.3d 168, 176 (3d Cir. 2013) (jurisdictional discovery).

[5] *See Brownback v. King*, 141 S. Ct. 740, 746, 749 (2021) (citing 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674.

[6] 28 U.S.C. § 1346(b)(1).

[7] *DeMolick*, 593 F. Supp. 3d at 169–73.

misapplying RULWA; and (3) denying leave to conduct jurisdictional discovery or file an amended pleading. We address each contention in turn.

## A. Rule 12(b)(1) Standard in FTCA Cases

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. Unlike a Rule 12(b)(6) motion for failure to state a claim, Rule 12(b)(1) permits the defendant to challenge or supplement the factual allegations in the complaint with extrinsic evidence.[8] Once presented with such a "factual attack" on jurisdiction, a district court may weigh competing evidence and resolve disputed material facts bearing on jurisdiction.[9] The District Court construed the Government's motion as a factual attack because the Government introduced new material facts, including details about the Rest Area where DeMolick slipped.[10]

As Rule 12(b)(1) provides less deference to plaintiffs than Rule 12(b)(6), ordinarily "a district court must take care not to reach the merits of a case when deciding a Rule 12(b)(1) motion."[11] "[I]n the unique context of the FTCA," however, "all elements of a meritorious claim are also jurisdictional."[12] So while we "apply[ ] Rule 12(b)(1) when

---

[8] *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

[9] *Id.* (citation omitted). This contrasts with a "facial attack" on jurisdiction, which argues that jurisdiction is lacking based solely on the allegations in the complaint. *Id.* (citation omitted).

[10] *See DeMolick*, 593 F. Supp. 3d at 168–69.

[11] *Davis*, 824 F.3d at 348 (citation omitted).

[12] *Brownback*, 141 S. Ct. at 749.

4

evaluating . . . the six conditions on the FTCA's waiver of sovereign immunity,"[13] there is a caveat. When a factual attack involves "intertwined" issues of both jurisdiction and merits, a district court must require "less of a factual showing than would be required to succeed at trial" to establish jurisdiction.[14] And if a plaintiff plausibly alleges a basis for jurisdiction, the district court has discretion to order limited discovery to resolve any material factual dispute.[15]

Plaintiffs therefore had the burden to—at minimum—plausibly allege facts supporting each prerequisite for subject matter jurisdiction under the FTCA.[16] As discussed below, they have failed to do so.

### B. The Pennsylvania Recreational Use of Land and Water Act (RULWA)

Plaintiffs chiefly argue that the District Court erred by holding that RULWA would bar their claims against a private landowner and so divested the Court of subject matter jurisdiction here. RULWA provides that an owner of "land" generally has no duty to warn or keep the premises safe for those invited to use the land for a "recreational purpose[]."[17]

---

[13] *CNA*, 535 F.3d at 145.

[14] *Id.*

[15] *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (citing Fed. R. Civ. P. 8(a)(1)).

[16] *See Brownback*, 141 S. Ct. at 749–50 & nn.8–9.

[17] 68 Pa. Stat. Ann. § 477-3 (1966). We apply the version of RULWA in effect at the time of DeMolick's fall. The legislature amended RULWA effective December 2018 to, among other things, expand the definition of "land" entitled to protection. *See* 68 Pa. Stat. Ann. § 477-2(1) (2018). The parties agree that the 2018 amendment does not apply retroactively, and that the District Court erred by applying it to Plaintiffs' claim. Still, Plaintiffs' claims are barred even under the prior version of RULWA, as discussed below.

There are two exceptions: RULWA does not apply to a "wilful[l] or malicious failure to guard or warn against a dangerous condition" or where the landowner charged a fee for use of the land.[18]

Plaintiffs concede they visited the Park for free and for a recreational purpose. They argue, however, that the District Court prematurely determined that (1) the Rest Area where DeMolick fell was "land" covered by RULWA; and (2) the Government's failure to guard was not willful or malicious.

### 1. "Land" under RULWA

At the time of DeMolick's fall, RULWA applied to "land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty."[19] Plaintiffs concede that RULWA covers some areas of the Park, but Pennsylvania law requires us to assess whether the specific area of the injury—the parking lot and sidewalk near the Rest Area—qualifies as "land."[20]

RULWA's inclusion of structures "attached to the realty" means that "ancillary structures" to otherwise covered land receive protection as well.[21] By contrast, the statute excludes "developed recreational facilities" that require regular maintenance to be safely

---

[18] 68 Pa. Stat. Ann. § 477-6 (1966).

[19] 68 Pa Stat. Ann. § 477-2(1) (2011).

[20] *See Bashioum v. Cnty. of Westmoreland*, 747 A.2d 441, 446 (Pa. Commw. Ct. 2000) (collecting cases).

[21] *Rivera v. Phila. Theological Seminary of St. Charles Borromeo, Inc.*, 507 A.2d 1, 8 (1986).

6

enjoyed and that provide a use independent of the land itself.[22]  Pennsylvania appellate courts have explained that the category of "ancillary structures" includes "shelters, toilet facilities[,] fireplaces,"[23] picnic areas,[24] and gates.[25]  We are persuaded that it also includes parking lots and sidewalks that merely permit access to otherwise protected land.[26]

But that does not end our inquiry.  Plaintiffs' complaint permits the inference that DeMolick fell on walkways designed for access to the Rest Area specifically, rather than the Park more generally.  So we must also ask whether the manmade Rest Area is an "ancillary structure" to the Park at large.  On this point, the parties agree that the Rest Area is a "public bathroom" to benefit Park visitors that offers no independent recreational use.[27]  In other words, it is an ancillary "toilet facility" covered by RULWA.[28]  Plaintiffs—who

---

[22] *Stone v. York Haven Power Co.*, 749 A.2d 452, 456–57 (Pa. 2000) (citation omitted) (holding RULWA applied to a lake created by a dam, but not to the dam itself); *see also, e.g.*, *Bashioum*, 747 A.2d at 446–47 (holding RULWA excluded a "giant slide" on otherwise protected land).

[23] *Bashioum*, 747 A.2d at 445 (citation omitted).

[24] *Brezinski v. Cnty. of Allegheny*, 694 A.2d 388, 390 (Pa. Commw. Ct. 1997).

[25] *Stanton v. Lackawanna Energy, Ltd.*, 951 A.2d 1181, 1187–88 (Pa. Super. Ct. 2008).

[26] *See, e.g.*, *Kelley v. United States*, No. 11-5537, 2012 WL 1392520, at *5 (E.D. Pa. Apr. 20, 2012) (applying RULWA to manmade vinyl walkway ascending to a scenic vantage point); *Lingua v. United States*, 801 F. Supp. 2d 320, 332 (M.D. Pa. 2011) (applying RULWA to manmade path between parking lot and picnic area).  Of course, if the land itself is not protected, then neither are its pedestrian accessways.  *See, e.g.*, *Mills v. Commonwealth*, 633 A.2d 1115, 1116, 1118–19 (Pa. 1993) (no RULWA immunity for fall on "grassy slope" used to access concert venue); *Hatfield v. Penn Twp.*, 12 A.3d 482, 488 (Pa. Commw. Ct. 2010) (no RULWA immunity for fall on pathway "in between two softball fields within a highly developed recreational park").

[27] *See* Appellant's Br. at 12; Appellee's Br. at 4.

[28] *See Bashioum*, 747 A.2d at 445.

bear the burden to establish jurisdiction—present no facts to the contrary beyond vague representations that the Rest Area is "highly developed."[29]  Indeed, the Complaint alleges no facts at all discussing the nature of the Rest Area.

Plaintiffs have therefore failed to show that the area of DeMolick's injury falls outside the scope of RULWA protection.  The District Court properly held that DeMolick slipped on "land" owned by the United States.

### 2.    Willfulness under RULWA

RULWA immunizes the Government from tort liability unless the alleged failure to guard or warn against slippery conditions was "wilful[l] or malicious."[30]  Willfulness under Pennsylvania law means "(1) actual knowledge of a danger (2) that is not obvious to those entering the premises."[31]  "Obviousness" is a question of fact: a danger is "obvious" when "the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment."[32]

The District Court found that Plaintiffs' complaint and evidence showed an obvious risk to a person in DeMolick's position for three reasons.[33]  First, there is a common-sense danger that ice and snow will be on the ground the day after an overnight snowfall.[34]

---

[29] Appellant's Br. at 12.

[30] 68 Pa. Stat. Ann. § 477-6 (1966).

[31] *Ruspi v. Glatz*, 69 A.3d 680, 690 (Pa. Super. Ct. 2013); *see also Kopp v. R. S. Noonan, Inc.*, 123 A.2d 429, 431 (Pa. 1956).

[32] *Carrender v. Fitterer*, 469 A.2d 120, 123–24 (Pa. 1983) (citation omitted).

[33] *DeMolick*, 593 F. Supp. 3d at 171–72.

[34] *Id.* at 172.

Second, pictures that Plaintiffs submitted in connection with their administrative complaint "show a buildup of ice and snow" in the area of the fall "that would have been clearly visible . . . even from a considerable distance." Third, DeMolick alleged that she took the only path to and from the Rest Area and that she was *returning* to her car when she fell, meaning she had encountered the alleged danger on her way *to* the Rest Area and elected to proceed.[35]

Plaintiffs argue that the District Court exceeded its authority by making a premature factual finding on this merits-related jurisdictional issue. But even accepted as true, the assertions in the Complaint do not suggest the presence of a nonobvious danger. Plaintiffs allege that DeMolick lacked "any reason to know" of the unsafe condition,[36] but the District Court could disregard this conclusory statement. Plus, Plaintiffs' suggestion that the Court required excessive jurisdictional proof at the pleading stage is belied by the Court's exclusive reliance on Plaintiffs' own submissions and judicial common sense.

Plaintiffs do not otherwise argue that the Court's finding of obviousness was clearly erroneous, and so we adopt it here. It follows that the Government did not act "willfully," that RULWA would immunize a private landowner under like circumstances, and that the District Court lacked subject matter jurisdiction over Plaintiffs' FTCA claims.

---

[35] *Id.*

[36] Appx25 ¶ 30.

**C.      Leave to Amend or Conduct Jurisdictional Discovery**

Plaintiffs last argue that the District Court abused its discretion by denying jurisdictional discovery and holding that an amended complaint would be futile.  We disagree.  First, a plaintiff must plausibly allege subject matter jurisdiction before it can seek discovery to prove it.[37]  The Complaint does not, as discussed above.  Second, amendment is futile if it would not cure the deficiencies highlighted by an order of dismissal.[38]  Plaintiffs have identified no specific additional facts that would remove the Rest Area from RULWA's protection or nullify the District Court's finding of obviousness. So we will affirm the District Court.

## IV. Conclusion

For these reasons, we will affirm the judgment of the District Court.

---

[37] *Lincoln Ben. Life Co.*, 800 F.3d at 108.

[38] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

10